■ ALEXANDER WOLF, III, et al., Respondents, v JOHN ATAI,

Appellant.—In an action for a judgment directing specific performance of a contract for the sale of certain real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated November 28, 1986, as denied his cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and, upon our search of the record (CPLR 3212 [b]), the provision of the order denying the plaintiffs' motion for summary judgment is deleted, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in the plaintiffs' favor.

By contract of sale dated January 14, 1986, the defendant agreed to convey title to certain real property to the plaintiffs. Pursuant to the terms of this contract, the defendant was obligated to deliver to the plaintiffs at the time of closing a certificate of occupancy "for the Premises and the deck as presently constructed". Since the parties were concerned that the deck which had been constructed at the subject premises might not conform to local zoning laws, the defendant seller was given the right to cancel the contract in the event that a certificate of occupancy, to include the deck, could not be obtained. The plaintiff buyers were given the right to "reinstate" the contract by agreeing to accept conveyance of the property even without the issuance of a certificate of occupancy which made the deck legal.

By letter dated July 23, 1986, the defendant seller's attorney acknowledged that the plaintiffs had agreed to accept conveyance of the property "without any certificate of occupancy". The attorney for the defendant set August 28, 1986, as a closing date. The parties appeared at 10:00 A.M. on that day, and the closing continued until approximately 11:15 A.M., when the attorney for Citibank, which had made a commitment to furnish a mortgage to the plaintiffs, advised that he needed a certificate of occupancy for the original premises. At this point, the plaintiff Alexander Wolf, III, volunteered to drive to the Town of Oyster Bay Building Department and obtain a copy of this certificate of occupancy. The certificate was, in fact, obtained by 1:00 P.M. that afternoon; however, the defendant had by then canceled the closing.

We need not decide whether it was the defendant or the plaintiffs who, under the circumstances of this case, had the obligation to furnish a certificate of occupancy. This is so

because, even if it is assumed that the plaintiffs had that obligation, they in fact complied with it. A certificate of occupancy was obtained within a few hours after it became apparent that the closing would not otherwise proceed. Had the defendant not precipitously canceled the closing, there is no indication that it could not have been expeditiously completed. When time is of the essence, "each party must tender performance on law *day" (Grace v Nappa,* 46 NY2d 560, 565, *rearg denied* 47 NY2d 952 [emphasis added]). Since the plaintiffs were ready to perform their contractual obligations on the day chosen by the defendant as a closing date, the defendant should not be allowed to claim that the plaintiffs were in breach of contract, merely because they were unable to perform promptly at 10:00 A.M.

Accordingly, we find that the defendant's unilateral termination of the closing was totally unjustified, and that the plaintiffs are therefore entitled to summary judgment directing specific performance of the contract. This court may grant this relief even though the plaintiffs did not appeal from the order in question *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.