■ St. Luke's Roosevelt Hospital et al., Respondents, v Allstate Insurance Company, Appellant. [757 NYS2d 457] —In an action by the assignees to recover no-fault medical payments under certain insurance contracts, the defendant appeals from (1) an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 20, 2001, which granted the motion of the plaintiff St. Luke's Roosevelt Hospital for summary judgment on the first and second causes of action and (2) a judgment of the same court entered January 9, 2002, which is in favor of the same plaintiff and against it in the principal

sum of $95,585.56. The appeal brings up for review so much of an order of the same court, dated March 15, 2002, as, upon renewal, adhered to the original determination (see CPLR 5517 [b]).

Ordered that the appeal from the order dated December 20, 2001, is dismissed; and it is further,

Ordered that the appeal from the judgment entered January 9, 2002, is dismissed, as that judgment was superseded by the order dated March 15, 2002, made upon renewal; and it is further,

Ordered that the order dated March 15, 2002, is reversed insofar as appealed from, on the law, upon renewal, the motion is denied, and the judgment entered January 9, 2002, and the order dated December 20, 2001, are vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment and the order entered upon renewal (see CPLR 5501 [a] [1]).

The plaintiff St. Luke's Roosevelt Hospital made a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of a triable issue of fact (see Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [1999]).

However, the affidavits of the defendant's insured and an eyewitness submitted upon renewal were sufficient to raise an issue of fact as to whether the defendant's denial of coverage was "premised on the fact or founded belief that the alleged injury does not arise out of an insured incident" (Central Gen. Hosp. v Chubb Group of Ins. Cos., supra at 199; see Alvarez v Prospect Hosp., supra). The fact that the insured's affidavit may be equivocal involves a determination of credibility which is not properly made upon a motion for summary judgment (see Scott v Long Is. Power Auth., 294 AD2d 348 [2002]). Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.