■ MARY IMMACULATE HOSPITAL et al., Respondents, v ALL-STATE INSURANCE COMPANY, Appellant. [774 NYS2d 564]—

In an action to recover no-fault medical payments under certain insurance contracts, the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (Skelos, J.), dated April 7, 2003, which, upon granting those branches of the plaintiffs' motion which were for summary judgment on their first, fourth, fifth, and seventh causes of action, is in favor of the plaintiff Mary Immaculate Hospital, as assignee of Lucretia Hall and Sosamma Johnkutty, and against it in the total sum of $124,035.43, in favor of the plaintiff New York United Hospital, as assignee of Jean A. Cudilio, and against it in the total sum of $6,633.33, and in favor of the plaintiff White Plains Hospital, as assignee of Rashid Chugstai, and against it in the total sum of $116.14.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the plaintiff hospitals made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms had been mailed and received,

and that payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; *St. Luke's Roosevelt Hosp. v American Tr. Ins. Co.*, 1 AD3d 498 [2003]; *St. Luke's Roosevelt Hosp. v Allstate Ins. Co.*, 303 AD2d 743 [2003]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 295 AD2d 412 [2002]; *see also Matter of Pradip Das/N.Y. Med. Rehab v Allstate Ins. Co.*, 297 AD2d 321 [2002]). Furthermore, the defendant's submissions in opposition were insufficient to raise an issue of fact as to whether it timely issued a partial denial of the claim asserted by the plaintiff Mary Immaculate Hospital, as assignee of Lucretia Hall, or paid the claim asserted by the plaintiff New York United Hospital, as assignee of Jean A. Cudilio. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.