WESTCHESTER MEDICAL CENTER, as Assignee of DANIEL CRUZ, et al., Appellants, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent. [793 NYS2d 489]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiffs, Westchester Medical Center, as assignee of Daniel Cruz, St. Vincent's Hospital & Medical Center, as assignee of Brian Cardimone, and New York and Presbyterian Hospital, as assignee of Stanislaw Zarod, appeal,

as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated February 6, 2004, as denied their motion for summary judgment on the second and third causes of action.

Ordered that the appeal by the plaintiff Westchester Medical Center, as assignee of Daniel Cruz, is dismissed, as that plaintiff is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and the matter is remitted to Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs St. Vincent's Hospital & Medical Center, as assignee of Brian Cardimone, and New York and Presbyterian Hospital, as assignee of Stanislaw Zarod.

The Supreme Court erred in denying that branch of the plaintiffs' motion which was for summary judgment on the second cause of action, which arises from the treatment rendered by St. Vincent's Hospital & Medical Center (hereinafter St. Vincent's) to Brian Cardimone, on the ground that "an issue of fact exists as to whether there was payment by the defendant in accordance with the DRG schedule." It is undisputed that the defendant failed to pay or deny the claim for Cardimone's treatment within 30 days after proof of such claim was submitted, nor did the defendant seek any further verification of this claim. Instead, the defendant merely tendered a belated partial payment of the claim. The defendant alleges that St. Vincent's billed under the wrong "DRG" code, and that it paid in accordance with the correct code. However, since the defendant never sought any verification of the claim, it is precluded from raising this statutory exclusion defense based upon its failure to issue a denial of claim form within 30 days of its receipt of the claim as required by 11 NYCRR 65.15 (g) (3) (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 286 [1997]; New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co., 295 AD2d 583, 584 [2002]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11, 16 [1999]).

The Supreme Court also erred in denying that branch of the plaintiffs' motion which was for summary judgment on the third cause of action, which arises from the treatment rendered by New York and Presbyterian Hospital to Stanislaw Zarod. With respect to this cause of action, the defendant failed to pay or effectively deny the hospital's claim within 30 days of its receipt thereof, nor did it seek any further verification of the claim.

As entitlement to the no-fault benefits, as well as statutory interest and an attorney's fee (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-4.6) was established, we remit the matter to the Supreme Court, Nassau County, to calculate the amount owed for no-fault benefits, statutory interest, and an attorney's fee. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.