■ MOUNT SINAI HOSPITAL, as Assignee of EDWARD TANG, Appellant, v JOAN SERVICE CORP., Respondent. [803 NYS2d 102]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated July 15, 2004, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Supreme Court erred in denying the plaintiff's motion for summary judgment. Contrary to the determination of the Supreme Court, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms had been mailed and received, and that payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; *Mary Immaculate Hosp. v Allstate Ins. Co.*, 5 AD3d 742, 742-743 [2004]; *St. Luke's Roosevelt Hosp. v American Tr. Ins. Co.*, 1 AD3d 498 [2003]; *St. Luke's Roosevelt Hosp. v Allstate Ins. Co.*, 303 AD2d 743 [2003]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 295 AD2d 412 [2002]). The defendant's submissions in opposition to the motion were insufficient to raise a triable issue of fact as to whether it timely issued a denial of the claim asserted by the plaintiff (*see Mary Immaculate Hosp. v Allstate Ins. Co., supra* at 743; *Siegel v Terrusa*, 222 AD2d 428 [1995]).

As entitlement to the no-fault benefits, as well as statutory interest and an award of an attorney's fee (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-4.6) was established, we remit the matter to the Supreme Court, Nassau County, to calculate the amounts of no-fault benefits, statutory interest, and an attorney's fee owed to the plaintiff (*see Westchester Med. Ctr. v American Tr. Ins. Co.*, 17 AD3d 581, 583 [2005]). Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.