*115 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. In order to establish a prima facie entitlement to summary judgment, plaintiff was required to prove that it submitted the subject claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). In support of its motion for summary judgment, plaintiff annexed an affidavit of one of its corporate officers. In said affidavit, plaintiffs corporate officer did not specifically state that he mailed the claims, but rather, stated that proof that he mailed the claims was annexed. However, since no such proof was annexed, plaintiff did not establish that he actually mailed the claims. In addition, there was no admission by defendant acknowledging the receipt of the claims. While plaintiff subsequently submitted a document entitled “Submission by Stipulation of the Parties and Court,” which stated that the parties agreed that the letters annexed thereto from defendant established defendant’s receipt of the claims, said document is not enforceable as it was not signed by the defendant (see CPLR 2104). Since plaintiff failed to establish by competent proof that the claim forms were mailed to defendant (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]), plaintiffs motion for summary judgment was properly denied.
Pesce, PJ., Rios and Belen, JJ., concur.