◼ WESTCHESTER MEDICAL CENTER et al., Appellants, v AIG, INC., Respondent. [829 NYS2d 180]—

In an action to recover no-fault medical payments, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated July 21, 2006, as denied that branch of their motion which was for summary judgment on their first cause of action to recover payments for medical services rendered by the plaintiff Westchester Medical Center, as assignee of Paul Friscia.

Ordered that the appeal by the plaintiff Nyack Hospital, as assignee of Paula Rodrigues, is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the order appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Westchester Medical Center, as assignee of Paul Friscia, on the law, with costs, that branch of the motion which was for summary judgment on the first cause of action to recover payments for medical services rendered by the plaintiff Westchester Medical Center, as assignee of Paul Friscia, is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Supreme Court erred in denying the motion of the plaintiff Westchester Medical Center, as assignee of Paul Friscia, for summary judgment on its first cause of action. That plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms had been mailed and received, and that payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; *Mount Sinai Hosp. v Joan Serv. Corp.*, 22 AD3d 649, 650 [2005]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564 [2005]; *Mary Immaculate Hosp. v Allstate Ins. Co.*, 5 AD3d 742 [2004]). The defendant's submissions in opposition to the motion were insufficient to raise a triable issue of fact as to whether it timely is-

sued a valid denial of the claim on the basis of the alleged intoxication of that plaintiff's assignor (see Insurance Law § 5103 [b] [2]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., supra*; *Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374, 375 [2001]).

Because entitlement to the no-fault benefits, as well as to statutory interest and an award of an attorney's fee (see Insurance Law § 5106 [a]; 11 NYCRR 65-4.6) was established, we remit the matter to the Supreme Court, Nassau County, to calculate the amounts of no-fault benefits, statutory interest, and an attorney's fee owed to the plaintiff Westchester Medical Center, as assignee of Paul Friscia (see *Mount Sinai Hosp. v Joan Serv. Corp., supra*; *Westchester Med. Ctr. v American Tr. Ins. Co.*, 17 AD3d 581, 583 [2005]). Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.