*13 OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs motion for summary judgment granted, defendant’s cross motion for summary judgment dismissing the complaint denied, and matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees.
In an action to recover assigned first-party no-fault benefits, a plaintiff generally establishes its prima facie entitlement to summary judgment by proof of the submission of a statutory claim form, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits is overdue (see e.g. Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Inasmuch as defendant raised no issue in the court below or on appeal with respect to plaintiffs establishment of its prima facie case, we do not pass on the propriety of the implicit determination of the court below with respect thereto.
In opposition to plaintiffs motion, defendant’s no-fault litigation examiner stated that defendant’s denial was based upon plaintiff’s assignor’s nonattendance at independent medical examinations (IMEs). As plaintiff correctly asserts, defendant was required to establish by proof in admissible form that plaintiffs assignor failed to appear for the IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas: Ins. Co., 35 AD3d 720 [2006]). Since defendant did not submit such proof, defendant failed to raise a triable issue of fact sufficient to warrant denial of plaintiffs motion for summary judgment. Furthermore, the absence of such proof also warranted denial of defendant’s cross motion for summary judgment since said cross motion was predicated upon the alleged failure of plaintiffs assignor to appear for the IMEs (id.).
In view of the foregoing, plaintiffs motion for summary judgment is granted, and the matter is remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.