◼ WESTCHESTER MEDICAL CENTER, as Assignee of ERIC BIRNBAUM, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent. [837 NYS2d 210]—

In an action to recover no-fault benefits under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated October 20, 2006, which granted the defendant's cross motion for summary judgment dismissing the second, third, and fourth causes of action and, in effect, denied its motion for summary judgment on those causes of action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the second, third, and fourth cause of action is granted, and the defendant's cross motion for summary judgment dismissing the second, third, and fourth causes of action is denied.

With respect to the second cause of action involving health services provided to Kevin Kane to recover no-fault benefits under an insurance contract and the third cause of action involving health services provided to Gladys Navarro, limited to recovery of an attorney's fee and statutory interest, the plaintiff

demonstrated its entitlement to judgment as a matter of law by demonstrating that the necessary billing documents were mailed to and received by the defendant and that payment of the no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; *Mount Sinai Hosp. v Joan Serv. Corp.*, 22 AD3d 649, 650 [2005]; *Mary Immaculate Hosp. v Allstate Ins. Co.*, 5 AD3d 742, 742-743 [2004]). While the defendant, in its cross motion, initially denied that the plaintiff provided requested verification material to the defendant triggering its obligation to either pay or deny the claims (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.5; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 570 [2004]), the defendant failed to rebut the plaintiff's showing that the verification material was actually mailed to the defendant (*see New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 548 [2006]). Here, the plaintiff, on the second and third causes of action, proffered the certified mail receipts with postmarks of September 7, 2005, as to Kane and September 16, 2005, as to Navarro, as well as specific item numbers and notations to the Kane and Navarro medical records. The plaintiff also proffered the return receipt card with the same item numbers and notations indicating that they had been received by "W. Deall," a representative of the defendant on September 9, 2005, as to Kane and September 19, 2005 as to Navarro. A presumption of receipt was created by the signed certified mail return receipt and the defendant's denial of receipt of the verification material was insufficient to raise a triable issue of fact (*see Matter of Fodor v MBNA Am. Bank, N.A.*, 34 AD3d 473 [2006]; *Matter of State Farm Mut. Auto. Ins. Co. [Kankam]*, 3 AD3d 418, 419 [2004]; *cf. New York & Presbyt. Hosp. v Allstate Ins. Co., supra* at 548). Accordingly, the Supreme Court should have granted summary judgment to the plaintiff on the second and third causes of action and erred in awarding summary judgment to the defendant on those causes of action.

With respect to the fourth cause of action to recover no-fault benefits but involving health services provided to Alyssa Arater, the plaintiff similarly demonstrated its entitlement to judgment as a matter of law by demonstrating that the necessary billing documents were mailed to and received by the defendant and that payment of the no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; *Mount Sinai Hosp. v Joan Serv. Corp., supra*; *Mary Immaculate Hosp. v Allstate Ins. Co., supra*). The defendant presented evidence in opposition to the motion and in support of its cross motion that the plaintiff failed to provide verification material, i.e. medical records, requested in writing by the defendant on October 21,

2005 (*see* 11 NYCRR 65-3.5 [b]). The plaintiff, in opposition to the cross motion and in further support of its motion for summary judgment, proffered the certified mail receipt with a postmark of February 13, 2006, an item number and a notation to the requested medical records. An unsigned letter dated February 13, 2006, from Hospital Receivables Systems, Inc., was also annexed as an exhibit. It was addressed to the defendant's Farmingdale, New York address, stated that Arater's complete medical record was enclosed and referenced, inter alia, the date of the accident and the plaintiff's file number which was "WMC-NF-2783." The plaintiff further proffered a copy of the United States Postal Service "Track & Confirm" printout with the same certified mail item number indicating that a representative of the defendant signed for the item on February 15, 2006. These submissions demonstrate that a mailing of the verification material occurred and that the mailed items were clearly related to the same claim (*see Vista Surgical Supplies, Inc. v Statewide Ins. Co.*, 12 Misc 3d 131[A], 2006 NY Slip Op 51118[U]).

The defendant mistakenly places complete reliance upon this Court's determination in *New York & Presbyt. Hosp. v Allstate Ins. Co.* (*supra*) to support its position that the plaintiff's evidence was inadequate. Under the particular facts of that case, we determined that the certified mail receipt and the "Track & Confirm" printout were insufficient to support a grant of summary judgment to the plaintiff. Specifically, no evidence was presented that the material purportedly mailed to Allstate was mailed under the proffered certified mail receipt number. Here, however, the plaintiff presented sufficient evidence, despite the absence of a signed return receipt card, to demonstrate that it mailed the requested medical records to the defendant. Most notably, both the cover letter and the outgoing certified mail receipt contained a handwritten notation that the items being mailed were the Arater medical records. Moreover, the certified mail receipt, with a postmark of February 13, 2006, matched the date on the cover letter, and the "Track & Confirm" printout indicated that an item under the same mailing number was delivered on February 15, 2006, in Farmingdale, New York, and signed for by "W. Deall," the same person who signed for the records relating to the second and third causes of action. As such, the defendant's assertion that the plaintiff failed to respond to its request for verification was sufficiently rebutted by the plaintiff's submissions which established the plaintiff's entitlement to summary judgment since the defendant did not tender payment within 30 days of receiving the verification material (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1],

[2]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action, and erred in granting that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.