■ MOUNT SINAI HOSPITAL, as Assignee of SIDNEY WEINGARTEN, Respondent, et al., Plaintiffs, v CHUBB GROUP OF INSURANCE COMPANIES, Also Known as CHUBB & SON, INC., Appellant. [843 NYS2d 634]—

In an action to recover no-fault medical payments, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated January 27, 2006, as granted the motion of the plaintiff Mount Sinai Hospital, as assignee of Sidney Weingarten, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, and, upon reargument, vacated so much of a prior order of the same court dated July 8, 2005, as denied that plaintiff's motion for summary judgment on the first cause of action and granted that plaintiff's motion.

Ordered that the order dated January 27, 2006 is reversed insofar as appealed from, on the law, with costs, the motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, is denied, so much of the order dated July 8, 2005, as denied the motion of the plaintiff Mount Sinai Hospital, as assignee of Sidney Weingarten, for summary judgment on the first cause of action is reinstated and, upon searching the record (*see* CPLR 3212 [b]), that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action is granted.

Pursuant to Insurance Law § 5106 (a) and 11 NYCRR 65-3.5, an insurer is required to either pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date an applicant supplies proof of claim (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274, 278 [1997]). Failure to pay benefits within the 30-day requirement renders the benefits overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]). The 30-day period may be extended if within 10

days from receipt of a completed application, an insurer demands additional verification of a claim (*see* 11 NYCRR former 65.15 [d] [1]; [e]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 30 AD3d 492, 493 [2006]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568,569 [2004]). If the requested verification has not been supplied to the insurer within 30 days from the insurer's original request, the insurer shall issue a follow-up request within 10 days of the insured's failure to respond (*see* 11 NYCRR former 65.15 [e] [2]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.*, 295 AD2d 583, 584 [2002]). "A claim need not be paid or denied until all demanded verification is provided" (*New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, *supra* at 570, *see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.5 [c], 65-3.8 [a] [1]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.*, 295 AD2d 583, 584 [2002]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553, 554 [1999]). "When a hospital fails to respond to a verification request, the 30-day period in which to pay or deny the claim does not begin to run, and any claim for payment by the hospital is premature" (*New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, *supra* at 570).

Here, it is undisputed that the defendant made timely requests for additional information. The plaintiff Mount Sinai Hospital, as assignee of Sidney Weingarten (hereinafter the plaintiff), claims that it sent the requested material on December 21, 2004, by certified mail, and that the material was received by the defendant the next day. Assuming that sufficient evidence exists that the requested material was mailed (*see Westchester Med. Ctr. v Liberty Mut. Ins. Co.*, 40 AD3d 981 [2007]), the 30-day period within which the defendant was required to either pay or deny the claim did not begin to run until December 22, 2004, the date the verification material was allegedly received (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, *supra* at 570), and did not expire until January 21, 2005. Since the plaintiff commenced its lawsuit by the filing of a summons with notice and verified complaint on November 19, 2004, approximately two months before the defendant was required to pay or deny the claim, the plaintiff's action was brought prematurely and the defendant was entitled to summary judgment dismissing the plaintiff's first cause of action (*see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co.*, 24 AD3d 492, 493 [2005]). This Court may award this relief even though the defendant did not appeal from the original order denying that branch of its cross motion which was for summary judgment dismissing the first cause of action (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110 [1984]; *Wolf v Atai*, 139 AD2d 729,731 [1988]).

The defendant's remaining argument, regarding a protective order, has been rendered academic. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.