OPINION OF THE COURT
Anil C. Singh, J.
*359 This is an action to recover first-party no-fault benefits under an automobile insurance policy. Defendant moves for summary judgment dismissing the complaint, contending that the lawsuit is premature because plaintiff did not comply with defendant’s demands for verification and, as such, proof of claim has not been submitted to the carrier. In the alternative, defendant moves for partial summary judgment, requesting that the court issue an order: (a) establishing that the verification at issue was requested on February 21, 2007 and April 6, 2007, and (b) shifting to plaintiff the burden to establish that proper and timely verification requests were complied with. Plaintiff opposes and cross-moves for summary judgment, contending that: (a) defendant admits to plaintiff’s prima facie case, and (b) defendant did not comply with proper verification procedures.
Plaintiff commenced this action in April 2007 alleging that defendant insurer had not paid or denied its $878.67 claim within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65-3.8 (a) (1), and seeking this amount plus statutory interest and attorneys’ fees.
Defendant exhibits the sworn affidavit of Edward Baillie, who is employed by defendant as a no-fault examiner. Mr. Baillie contends that he received a bill in the amount of $878.67 for services rendered to plaintiffs assignor on January 8, 2007. Mr. Baillie does not state the date on which defendant received the bill from plaintiff. According to Mr. Baillie, he sent a verification request to the plaintiff for the initial report of the referring physician and a letter of medical necessity of the referring physician on February 21, 2007 and a follow-up request for the documents on April 6, 2007. Mr. Baillie contends that defendant never received a response to either request. He contends that he personally printed the requests for additional verification and the envelopes for mailing them, and that the verification requests were then collected by defendant’s mailroom unit.
Luis Campbell, the mailroom supervisor, states in a sworn affidavit that he has personal knowledge of defendant’s mailing procedures. Based on his familiarity with those procedures, he contends that the verification request was mailed on February 21, 2007 and the follow-up request was mailed on April 6, 2007.
Based upon the facts alleged in the affidavits, defendant raises two arguments to justify dismissing the case. The first argument is that no-fault benefits are not overdue because plaintiff did not provide the requested verification. Defendant cites 11 NYCRR 65-3.8 (a) (1), which states: “No-fault benefits are over *360 due if not paid within 30 calendar days after the insurer receives proof of claim, which shall include verification of all relevant information requested pursuant to section 65-3.5 of this subpart.” Defendant also cites 11 NYCRR 65-3.8 (f), which provides: “An insurer shall be entitled to receive proper proof of claim and a failure to observe any of the time frames specified in this section shall not prevent an insurer from requiring proper proof of claim.”
Defendant contends that it requested verification in the form of the initial report of the referring physician and a letter of medical necessity. It is undisputed that plaintiff failed to provide the documents requested. Moreover, defendant contends that it has no obligation to pay or deny the claim until verification is received, regardless of whether verification was requested in a timely manner. Thus, the claim must be dismissed on the basis of plaintiffs failure to provide proof of claim.
Defendant’s second argument is that plaintiffs cause of action for breach of contract is premature. According to defendant, plaintiff failed to comply with defendant’s demands for verification of the claim. As a result, proof of claim has allegedly not been submitted to the carrier, and the carrier has no obligation to act under the insurance policy. Without an obligation to act under the policy, there cannot be a breach.
Plaintiff responds with three arguments. First, plaintiff contends that defendant has the burden to prove that the verification requests were mailed timely but defendant has not met its burden. The affidavits of Edward Baillie and Luis Campbell do not state when defendant received the bill from plaintiff. Because the affidavits fail to state when the bill was received, it is impossible to determine whether the verification requests were sent timely.
Second, plaintiff contends that defendant was required to mail a copy of the verification requests to the patient/assignor pursuant to 11 NYCRR former 65.15 (e) (2) (now 65-3.6 [b]). However, defendant’s affidavits fail to state to whom the verification requests were sent.
Third, plaintiff contends that defendant admits to plaintiffs prima facie case and did not comply with proper verification procedures. As a result, plaintiff is entitled to summary judgment.
It is imperative in ruling upon no-fault insurance matters not to lose sight of the fundamental goal of the regulatory scheme, *361 which is “designed to promote prompt payment of legitimate claims” (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 300 [2007]). As the Court of Appeals noted in Medical Socy. of State of N.Y. v Serio (100 NY2d 854, 867 [2003]), the Superintendent of Insurance, in adopting revised Regulation 68 (repealing and replacing 11 NYCRR part 65), determined that these regulations were “the most effective means of advancing the legislative intent of providing prompt payment of [no-fault] benefits as the loss is incurred, while reducing rampant abuse.” Accordingly, this court’s duty is to interpret and apply the no-fault regulations in a consistent manner leading to the prompt payment of valid, documented claims.
In the instant matter, defendant suggests that an insurer is entitled to receive verification of a claim even if the request for such verification is untimely. We decline to adopt defendant’s proposed interpretation of 11 NYCRR 65-3.8 (f) because it conflicts with the basic purpose of the regulatory scheme. Rather, we interpret the language of section 65-3.8 (f) to mean only that an insurer must, within 30 calendar days after the insurer receives the initial proof of claim, either: (a) pay the claim; (b) deny the claim; or (c) make a timely request for verification. Under 11 NYCRR 65-3.8 (c), the insurer is required to either pay or deny the claim in whole or in part within 30 calendar days after proof of claim is received. In other words, section 65-3.8 (f) means simply that the 30-day rule to pay or deny a claim does not preclude an insurer from making a proper — and timely — request for verification of a claim.
We decline to adopt the defendant’s interpretation of the regulations because the suggested interpretation would render the clearly delineated time frames specified in the statute virtually meaningless. Furthermore, the proposed interpretation could lead to significant delays in the processing of claims for no-fault benefits. Such a result would clearly be at odds with the basic purpose of the regulatory scheme. Therefore, we find defendant’s contentions to be without merit.
The regulations set mandatory deadlines for verification of claims. The claims procedure for additional verification requests is set forth at 11 NYCRR 65-3.5 (b). It provides in pertinent part: “Subsequent to the receipt of one or more of the completed verification forms, any additional verification required by the insurer to establish proof of claim shall be requested within 15 business days of receipt of the prescribed verification forms.” The follow-up requirements are set forth at 11 NYCRR 65-3.6 (b), which states in part:
*362 “Verification requests. At a minimum, if any requested verifications has [sz'c] not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested, either by telephone call, properly documented in the file, or by mail.”
The fact that the regulations contain specific deadlines implies that an untimely verification request does not toll the 30-day period to pay or deny a claim. In fact, the case law clearly supports such a conclusion.
“Upon receipt of a no-fault claim, the regulations shift the burden to the carrier to obtain further verification or deny or pay the claim” (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 319 [2007]). It is well settled that an insurer is not obligated to pay or deny a claim until it has received verification of all relevant information requested (Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492, 493 [2d Dept 2005]; Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co., 8 AD3d 533, 535 [2d Dept 2004]).
Under 11 NYCRR 65-3.5 (a), a “timely” demand for additional verification is one made within 10 days from receipt of a completed application. The case law acknowledges that a demand for verification must be timely and, further, that a claim may be dismissed for failure to respond to a timely request. (See for example St. Vincent’s Hosp. of Richmond v American Tr. Ins. Co., 299 AD2d 338 [2d Dept 2002] [hospital failed to respond to insurer’s timely verification requests]; see also Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d 889 [2d Dept 2007] [undisputed that defendant’s requests for additional information were timely].)
In the instant matter, there is sharp disagreement regarding the timeliness of the verification request. To resolve the dispute, we must look to the affidavits furnished by the defendant.
The affidavits establish the date on which the verification request was sent. However, neither affidavit states the date when defendant received the bill from plaintiff. Without this crucial piece of information, the court is unable to determine whether the verification request was timely. Accordingly, defendant has failed to make out a prima facie case for summary judgment in its favor.
We turn now to plaintiffs cross motion for summary judgment. It is well settled that a plaintiff makes a prima facie *363 showing of entitlement to summary judgment by submitting evidentiary proof that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue (Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564, 564 [2d Dept 2005]). The court may, in its discretion, rely on defendant’s documentary submissions establishing defendant’s receipt of plaintiff’s claims (Devonshire Surgical Facility v GEICO, 16 Mise 3d 130[A], 2007 NY Slip Op 51308[U] [App Term, 1st Dept 2007]). Here, the affidavit of defendant’s employee, claims examiner Edward Baillie, establishes that defendant received plaintiffs claim and, further, that defendant failed to pay or deny the claim within the statutory 30-day time frame. Furthermore, said affidavit fails to demonstrate that defendant requested verification in a timely manner. Accordingly, the defendant has not shown a triable issue of fact regarding whether payment of no-fault benefits was overdue.
For the above reasons, defendant’s motion for summary judgment is hereby denied, and plaintiffs cross motion for summary judgment is granted.