*234 OPINION OF THE COURT
Kenneth A. Davis, J.
The plaintiff, Westchester Medical Center as assignee of Mitchell Fuchs, moves by notice of motion for summary judgment against the defendant. The defendant, Mercury Casualty Company, also moves by notice of motion for summary judgment against the plaintiff.
The instant motions stem from an action to recover no-fault medical payments under Insurance Law § 5106 (a). The insured was injured in a motor vehicle accident on November 10, 2007. The defendant insurer received the requisite billing from the plaintiff hospital on January 10, 2008.
Plaintiff states that the defendant has failed to pay the no-fault claim. Plaintiff alleges that the defendant received the requisite hospital facility form in January 2008 and has failed to make the payment. The plaintiff further claims that the defendant failed to issue a denial of claim form. The plaintiff maintains that because the defendant failed to pay and has failed to deny the claim within the requisite 30 days, the defendant is precluded from interposing a defense. The total unpaid hospital bill is currently $42,024.64.
Plaintiff claims that the defendant has failed to submit sufficient proof to defeat the plaintiffs motion. The plaintiff further claims that the defendant’s additional verification request was defective as the information requested was not within the custody and control of the plaintiff hospital. The plaintiff claims that the defendant’s request failed to toll the 30-day requirement of denial of the claim.
Additionally, defendant claims that it timely delayed payment or denial of the bill pending receipt of additional verification. The defendant claims that there was some concern as to the proximate cause of the motor vehicle accident, and therefore defendant requested additional information pursuant to Insurance Law § 5103 (b) (2). The defendant maintains that on January 22, 2008 an additional verification request was sent to both plaintiff and the insured requesting receipt of the insured’s blood alcohol level and a copy of the police report. The defendant maintains that the assignor failed to respond to the additional verification request within 30 days, and also failed to respond to a second request. The defendant claims that it has yet to receive the consent to obtain the blood sample, or an application for benefits.
*235 Upon the foregoing the plaintiffs motion for summary judgment is denied. 11 NYCRR 65-3.8 (c) provides: “within 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part.” This 30-day period may however be extended if within 15 days of receipt of a claim, an insurer demands additional verification of a claim. (11 NYCRR 65-3.5 [b]; New York & Presbyt. Hosp. v Allstate Ins. Co., 31 AD3d 512 [2006]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2004]; Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co., 44 AD3d 903 [2d Dept 2007].)
If the demanded verification is not received within 30 days, the insurance company must issue a follow-up request within 10 days of the insured’s failure to respond. (11 NYCRR former 65.15 [e] [2]; Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d 889 [2d Dept 2007].) A claim need not be paid or denied until all demanded verification is provided. (11 NYCRR 65-3.5 [c]; 65-3.8 [a] [1]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2d Dept 2004]; Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553 [2d Dept 1999]; Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d 889 [2d Dept 2007].)
If an insurer has reason to believe that the applicant was operating a motor vehicle while intoxicated or impaired by the use of a drug, and such intoxication or impairment was a contributing cause of the automobile accident, “the insurer shall be entitled to all available information relating to the applicant’s condition at the time of the accident. Proof of claim shall not be complete until the information which has been requested . . . has been furnished to the insurer by the applicant or the authorized representative.” (11 NYCRR 65-3.8 [g]; Westchester Med. Ctr. v Progressive Cas. Ins. Co., 19 Misc 3d 1113[A], 2008 NY Slip Op 50675[U] [2008].) In order to properly and timely request such information, the insurer must forward the prescribed verification forms to the parties required to complete them within 10 business days after receipt of the completed application (11 NYCRR 65-3.5 [a]). If the insurance company fails to deny a claim within 30 days after receiving it, or fails to extend the time by requesting verification, the insurer will be precluded from asserting the statutory exclusion defense of intoxication. (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997].) Finally, “[t]he insurer is entitled to receive all items necessary to verify the claim directly from *236 the parties from whom such verification was requested.” (11 NYCRR 65-3.5 [c].)
Here, the plaintiff hospital made a prima facie showing of entitlement to judgment as a matter of law with respect to the insured’s claim by establishing that the prescribed statutory billing documents were mailed and defendant’s receipt of the requisite no-fault billing forms, and providing a certified mail receipt and a signed return receipt card. The hospital also submitted the affidavit of the hospital employee, Peter Kattis, who is a person with personal knowledge, who states that he mailed the bill to the defendant, via certified mail, in January 2008. (Insurance Law § 5106; 11 NYCRR 65-3.8 [a] [1]; Westchester Med. Ctr. v Liberty Mut. Ins. Co., 40 AD3d 981 [2d Dept 2007]; Mount Sinai Hosp. v Joan Serv. Corp., 22 AD3d 649 [2d Dept 2005].)
The defendant has submitted sufficient evidence to defeat the plaintiffs summary judgment motion. The defendant submitted evidentiary proof that it timely requested additional information from the insured and the hospital to verify its claim, and that the requested information was never received despite a timely follow-up request. Mercury requested additional verification from the insured on January 22, 2008, 12 days after receipt of the hospital billing claim. Moreover, an additional verification request was sent to the hospital on the same day. In light of the fact that the requested verification was not provided, the 30-day period within which the defendant was obligated to pay or deny the hospital’s claim did not begin to run, and the hospital’s cause of action was premature. (Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co., 44 AD3d 903 [2d Dept 2007]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2d Dept 2004].)
Here, Mercury Casualty sent its initial verification form requesting a consent to obtain the blood sample, the actual blood sample and an application for benefits, to both the insured and Westchester Medical on January 22, 2008, 12 days after receipt of the application. Although the verification request was sent two days after the regulation prescribed 10 business days, the insurer was not prevented from requiring proof of claim. (11 NYCRR 65-3.5 [a].)
When both the insured and Westchester Medical failed to respond, a second request was made on February 22, 2008. The court finds that the information was timely requested from the appropriate parties, the insured and the health care provider, *237 along with the third party police department. In order for the insurer to have properly and timely requested the blood alcohol test results, it had to forward prescribed verification forms to the appropriate parties within 10 days after receipt of the completed application. (11 NYCRR 65-3.5 [a]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997].) The courts finds that Mercury took the appropriate action, and properly sought to extend the time frame by requesting verification. Therefore Westchester Medical’s motion for summary judgment is denied.
The defendant demonstrated its entitlement to summary judgment by proving that it timely requested additional verification from the plaintiff, regarding the issue of the driver’s alleged intoxication at the time of the accident, within the requisite periods, and that such information was never received. In opposition, Westchester Medical Center failed to demonstrate the existence of a triable issue of fact. Moreover, pursuant to section 5103 (b) (2) and 11 NYCRR 65-3.8, the defendant was acting within its rights to request the verification.
Regarding Westchester Medical’s claim that the additional information requested was not in its custody or control, the court finds this argument is without merit. 11 NYCRR 65-3.8 (g) provides that proof of claim is not complete until the insurer is furnished with “all available information” relating to the insured’s condition at the time of the accident. However, “available information” includes only information within the control of the health care provider or the insured, or information obtainable by those parties through reasonable effort.
Westchester Medical claims that they merely drew the plaintiffs blood and did not actually test it, however with reasonable efforts Westchester could have provided Mercury with the information requested as the insured’s medical information (i.e., blood alcohol level) was available to the treating hospital. Moreover, the insured could reasonably have provided consent to release the information requested, even if in the custody and control of the police department. The insurer is entitled to receive all items necessary to verify the claim “directly from the parties from whom such verification is requested.” (11 NYCRR 65-3.5 [c].) Mercury took timely action to attain the requested information from the appropriate party. Mercury also took ac *238 tian to attain the information requested from the appropriate third party police department. The court finds that the plaintiffs failure to provide the information requested rendered the claims incomplete. Westchester Med. Ctr. v Progressive Cas. Ins. Co., 46 AD3d 675 [2d Dept 2007].)
Based on the above, the plaintiffs motion for summary judgment is denied and the defendant’s motion is granted.