OPINION OF THE COURT
Fred J. Hirsh, J.
Defendant New York Central Mutual Fire Insurance Company (NYCMFIC) moves for summary judgment dismissing this action to obtain payment of first-party no-fault benefits on the ground the action is premature because defendant’s time to pay or deny the claim has not run because plaintiff Elmont Open MRI & Diagnostic Radiology, PC. failed to respond to defendant’s verification requests.
Background
Abdelghani Kinane sustained injuries in a motor vehicle accident that occurred on June 8, 2008.
On August 27, 2008, Elmont performed a brain MRI on Kinane. Kinane assigned his no-fault benefits for this test to Elmont.
Elmont submitted the claim for payment to the defendant NYCMFIC. While the exact date NYCMFIC received the claim is not clear, the claim was received on or before September 23, 2008 because by letter dated September 23, 2008, NYCMFIC requested verification from Elmont, to wit: copies of the MRI films and invoicing for the MRI films in accordance with the Workers’ Compensation Board radiology fee schedule ground rule 8.
NYCMFIC claims it never received a response to its September 23, 2008 verification request. NYCMFIC sent a follow-up verification request to Elmont dated October 27, 2008. NYCMFIC’s *804 October 27, 2008 letter states it had not received a response to its September 23, 2008 request and requests Elmont provide the information previously requested.
NYCMFIC avers it never received the requested verification. NYCMFIC never paid or denied the claim.
On September 22, 2011, Elmont commenced this action seeking to obtain payment of what it alleged was overdue, unpaid first-party no-fault benefits.
In opposition to NYCMFIC’s motion, Elmont submits an affidavit from Brijkumar Yamraj. Yamraj is Elmont’s billing collection supervisor and is responsible for the day-to-day operation of Elmont’s billing department. Yamraj’s responsibilities include responding to and complying with verification requests received in connection with no-fault claims.
Yamraj acknowledges Elmont received NYCMFIC’s verification requests. Yamraj avers that, on November 12, 2008, he mailed a copy of the brain MRI films and other requested information to NYCMFIC from the Meacham branch of the Elmont post office. The mailing is confirmed by a certificate of mailing issued by the Meacham branch of the Elmont post office on November 12, 2008.
Discussion
A no-fault insurer must pay or deny a claim for no-fault benefits within 30 days of receipt of the claim. (11 NYCRR 65-3.8 [a].) An insurer that fails to pay or deny a claim within 30 days is precluded from asserting any precludable defenses not asserted in a timely denial. (Fair Price Med. Supply Corp. v Travelers Indent. Co., 10 NY3d 556 [2008]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312 [2007]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997], rearg denied 90 NY2d 937 [1997].[1]
An insurer may toll or extend its time to pay a claim by timely demanding verification. (Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2d Dept 2009]; Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co., 44 AD3d 903 [2d Dept 2007]; 11 NYCRR 65-3.5 [c]; 65-3.8 [a] [1].) An insurer does not have to pay or deny a claim until it has received all timely requested verification. (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]; New York & Presbyt. Hosp. v *805 Countrywide Ins. Co., 44 AD3d 729 [2d Dept 2007].) As long as the verification is requested before the insurer’s time to pay or deny the claim has expired, the insurer’s time to pay or deny the claim is tolled or extended. (Id.)
An initial verification request must be made within 10 business days of receipt of the claim. (11 NYCRR 65-3.5 [a].) Additional verification must be requested within 15 business days of receipt of the initial verification material. (11 NYCRR 65-3.5 [b].)
If the provider does not respond to the initial verification request within 30 calendar days of the request, the insurer shall follow up within 10 calendar days by advising the party from whom the verification was requested that processing of the claim is being delayed by the failure of the party to provide verification. (11 NYCRR 65-3.6 [b].)
NYCMFIC asserts that since it timely requested verification and since Elmont has not responded, its time to pay or deny the claim has not yet begun to run. As a result, Elmont’s action is premature. The action must be dismissed.
Elmont submits the Yamraj affidavit in opposition to the motion in which Yamraj avers to having received the requested verification and having mailed the requested verification to NYCMFIC on November 12, 2008.
Because so many issues in actions to recover first-party no-fault benefits are related to mailing and the timeliness of mailing, a rather significant body of case law has developed relating to mailing issues and what must be proved to establish timely mailing. As the Appellate Term, First Department, noted in Lenox Hill Radiology, P.C. v Tri-State Consumer Ins. Co. (31 Misc 3d 13 [2010]):
“we would be remiss in failing to note that the facts and circumstances of this action do much to illustrate the disturbing reality that first-party no-fault benefits litigation has become the antithesis of what was supposed to be an expeditious and simplified process for the payment of medical costs for injuries sustained in motor vehicle accidents. Too often, lawsuits with a value akin to a small claims action become bogged down by an insistence by one party or another that mailing of routine forms be established with scientific precision.” (Id. at 15 [citation omitted].)
In this court, the issues relating to mailing most often arise in the context of motions for summary judgment and involve *806 whether the proof submitted by the moving party, generally the defendant insurer, is sufficient to establish proper and timely mailing of a verification request, a notice requesting an appearance for an examination under oath or an independent medical examination, or a denial.
Proof of mailing can be established by submitting an affidavit from the person who actually mailed the document averring to the mailing. (South Nassau Orthopedic Surgery & Sports Medicine, P.C. v Auto One Ins. Co., 32 Misc 3d 129[A], 2011 NY Slip Op 51300[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Friendly Physician, P.C. v GEICO Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51770[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Points of Health Acupuncture, P.C. v GEICO Ins. Co., 25 Misc 3d 140[A], 2009 NY Slip Op 52445[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009].) Timely mailing can also be established by an affidavit from an employee with knowledge of the party’s standard office practices and procedures designed to ensure the items were properly addressed and timely mailed. (St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123, 1124 [2d Dept 2008].)
Once a party has submitted proof in admissible, evidentiary form establishing mailing through either of the aforementioned methods, conclusory denial of receipt is insufficient to raise triable issues of fact regarding the mailing. (Darlington Med. Diagnostics, P.C. v Praetorian Ins. Co., 32 Misc 3d 142[A], 2011 NY Slip Op 51634[U] [App Term, 1st Dept 2011]; Pomona Med. Diagnostics, P.C. v Travelers Ins. Co., 31 Misc 3d 127[A], 2011 NY Slip Op 50447[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011].)
The affidavit submitted by NYCMFIC in support of the motion is a St. Vincent’s affidavit in that it attests to NYCMFIC’s office practices and procedures established to ensure notices such as the verification requests in question were properly addressed and timely mailed.
Receipt of the verification requests is not in issue because in the Yamraj affidavit Elmont acknowledges receipt of the verification requests.
The Yamraj affidavit supported by the certificate of mailing establishes actual mailing of the requested verification information and material.
NYCMFIC did not submit any proof in admissible form contesting Yamraj personally mailed the brain scan MRI films *807 to NYCMFIC on November 12, 2008. While the affidavit of Nicki Jasper goes into great detail to establish how NYCMFIC prepares and mails verification requests, this affidavit states in a conclusory manner in its final sentence that she has reviewed NYCMFIC’s records and they do not reflect having received the films.
The Yamraj affidavit is sufficient to establish Elmont responded to NYCMFIC’s verification requests. Therefore, NYCMFIC’s motion for summary judgment must be denied.
However, the question remains whether the Yamraj affidavit and certificate of mailing coupled with the conclusory denial of receipt requires the court to search the record and grant summary judgment to a non-moving party without the necessity of a cross motion. (CPLR 3212 [b].) The court may search the record and grant summary judgment to a non-moving party if such relief is appropriate. (See Lindstedt v 813 Assoc., 238 AD2d 386 [2d Dept 1997], lv dismissed 90 NY2d 1007 [1997], rearg denied 91 NY2d 867 [1997].)
Plaintiff establishes a prima facie cause of action to recover first-party no-fault benefits by establishing timely submission of the claim and the claim has not been paid or denied within 30 days of receipt by the insurer. (Westchester Med. Ctr. v AIG, Inc., 36 AD3d 900 [2d Dept 2007]; New York & Presbyt. Hosp. v Allstate Ins. Co., 31 AD3d 512 [2d Dept 2006]; 11 NYCRR 65-3.8 [a] [1].) The Yamraj affidavit establishes the documents submitted by Elmont to NYCMFIC are business records. (Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co., 55 AD3d 644 [2d Dept 2008]; Bath Med. Supply, Inc. v Utica Mut. Ins. Co., 23 Misc 3d 141 [A], 2009 NY Slip Op 51030[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Bajaj v General Assur., 18 Misc 3d 25 [App Term, 2d Dept, 2d & 11th Jud Dists 2007].)
NYCMFIC’s verification request is an acknowledgment and admission the claim was received within 45 days of the date the services were provided. (See Delta Diagnostic Radiology, P.C. v Country-Wide Ins. Co., 13 Misc 3d 132[A], 2006 NY Slip Op 51877[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; 11 NYCRR 65-1.1.)[2]
Plaintiff has established it timely submitted the claim, it responded to defendant’s verification requests and the claim *808 was not paid or denied within 30 days of receipt of the requested verification. Since Elmont submitted papers sufficient to establish a prima facie entitlement to judgment as a matter of law, the burden shifted to NYCMFIC to establish the existence of triable issues of fact. (Zuckerman v City of New York, 49 NY2d 557 [1980]; Davenport v County of Nassau, 279 AD2d 497 [2d Dept 2001]; Bras v Atlas Constr. Corp., 166 AD2d 401 [2d Dept 1990].)
NYCMFIC failed to offer any proof in admissible form controverting or questioning Elmont’s proof it mailed the requested verification material to NYCMFIC on November 12, 2008. In view of the affidavit of actual mailing coupled with a certificate of mailing, NYCMFIC’s conclusory assertion it never received the material is insufficient to raise questions of fact necessitating a trial on the issue of mailing.
Under these circumstances, it is appropriate for the court to search the record and grant summary judgment to the non-moving party.
For the foregoing reasons, defendant’s motion for summary judgment is denied. Upon searching the record, summary judgment is granted to the non-moving party, the plaintiff.
The clerk is directed to enter judgment in favor of the plaintiff and against the defendant in the sum of $874.44 together with interest and legal fees in accordance with the no-fault law and regulations and costs and disbursements as taxed by the clerk.

. There are numerous non-precludable defenses, none of which are relevant to this action or motion.

. The claim is for an MRI performed on August 27, 2008. The initial verification request is dated September 23, 2008.