■ HOSPITAL FOR JOINT DISEASES, as Assignee of MIGUEL SALGADO, et al., Appellants-Respondents, v HERTZ CORPORATION et al., Respondents-Appellants. [779 NYS2d 366]—In an action to recover no-fault medical payments under certain insurance contracts, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated March 12, 2003, as denied the motion of the plaintiff Hospital for Joint Diseases, as assignee of Miguel Salgado, for summary judgment, and the defendants cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint.

Ordered that the appeal by the plaintiff St. Vincent's Hospital & Medical Center, as assignee of Cathryn Einhorn is dismissed, as that plaintiff is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Hospital for Joint Diseases, as assignee of Miguel Salgado, on the law, and the motion is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Hospital for Joint Diseases, as assignee of Miguel Salgado, payable by the defendants.

The plaintiff Hospital for Joint Diseases, as assignee of Miguel Salgado (hereinafter HJD) established its prima facie entitlement to summary judgment to recover no-fault medical payments. The defendants failed to submit any evidentiary proof to

support their claim that the subject injury and treatment were not causally related to the subject motor vehicle accident (*see Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11 [1999]). Thus, the defendants failed to establish their prima facie entitlement to summary judgment dismissing the complaint and also failed to raise a triable issue of fact to defeat the motion of HJD for summary judgment. Accordingly, the denial of that branch of the defendant's cross motion which was for summary judgment dismissing the complaint was proper. However, the Supreme Court should have granted the motion of HJD for summary judgment.

The defendants' remaining arguments are raised for the first time on appeal and thus are not properly before this Court (*see Mann v All Waste Sys.*, 293 AD2d 656 [2002]; *Goldblatt v LaShellda Maintenance Co.*, 278 AD2d 451 [2000]). Krausman, J.P., Adams, Cozier and Rivera, JJ., concur.