■ HOSPITAL FOR JOINT DISEASES, as Assignee of TAMI COHEN, et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [844 NYS2d 371]—

In an action to recover no-fault medical payments under insurance contracts, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated April 11, 2007, as denied that branch of their motion which was for summary judgment on the first cause of action to recover payments for medical services rendered by the plaintiff Hospital for Joint Diseases, as assignee of Tami Cohen, and, upon searching the record, awarded the defendant summary judgment dismissing the first cause of action.

Ordered that the appeals by the plaintiffs Westchester County Medical Center, as assignee of Iesa Rivera, and Mary Immaculate Hospital, as assignee of Dwayne Cumberbatch, are dismissed, as those plaintiffs are not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Hospital for Joint Diseases, as assignee of Tami Cohen; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Pursuant to the statutory and regulatory framework governing the payment of no-fault automobile insurance benefits, insurance companies are required either to pay or deny a claim for benefits within 30 days of receipt of the claim (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]). However, the 30-day pe-

riod in which to pay or deny a claim may be extended where the insurer makes a request for additional information within 15 business days of its receipt of the claim (*see* 11 NYCRR 65-3.5 [b]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 31 AD3d 512, 513 [2006]; *Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432, 434 [2004]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 569 [2004]), and an insurer is not obligated to pay or deny a claim until all demanded verification is provided (*see Mount Sinai Hosp. v Chubb Group of Ins. Cos.*, 43 AD3d 889 [2007]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 31 AD3d at 513; *Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co.*, 24 AD3d 492, 493 [2005]).

The plaintiff Hospital for Joint Diseases, as assignee of Tami Cohen (hereinafter the hospital) made a prima facie showing of its entitlement to judgment as a matter of law on the first cause of action to recover payment for medical services by submitting, inter alia, the requisite billing forms, a certified mail receipt referencing the patient, a signed return receipt card also referencing the patient, and the affidavit of its biller averring that the defendant failed to pay the bill or issue a timely denial of claim form within 30 days (*see Westchester Med. Ctr. v Safeco Ins. Co. of Am.*, 40 AD3d 984 [2007]; *New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co.*, 39 AD3d 832 [2007]; *New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co.*, 37 AD3d 683, 683-684 [2007]; *Westchester Med. Ctr. v AIG, Inc.*, 36 AD3d 900 [2007]). However, in opposition to the motion, the defendant submitted evidentiary proof that it timely requested additional information from the hospital to verify its claim, and that when the requested information was not received, it made a timely follow-up request. The defendant also offered unrebutted proof that the hospital ignored its verification requests. Since the requested verification was not provided, the 30-day period within which the defendant was obligated to pay or deny the hospital's claim did not begin to run (*see Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432 [2004]; *Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533, 534-535 [2004]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553, 555 [1999]), and the first cause of action was premature.

The hospital's contention that the additional information which the defendant requested to verify its claim was improper or irrelevant is advanced for the first time on appeal, and thus is not properly before this Court (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.*, 29 AD3d 877 [2006]; *Hospital for Joint Diseases v Hertz Corp.*, 9 AD3d 391, 392 [2004]; *St. Vincent's*

*Hosp. & Med. Ctr. v Allstate Ins. Co.*, 294 AD2d 425, 426 [2002]; *Weber v Jacobs*, 289 AD2d 226, 227 [2001]; *St. Clare's Hosp. v Allstate Ins. Co.*, 215 AD2d 641, 642 [1995]). Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.