OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, order dated June 28, 2007 vacated, plaintiffs motion for summary judgment denied and defendant’s cross motion for summary judgment dismissing the complaint granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint on the ground of lack of medical necessity. The Civil Court granted plaintiff’s motion for summary judgment and denied defendant’s cross motion for summary judgment dismissing the complaint. The instant appeal by defendant ensued. A judgment was subsequently entered (see CPLR 5501 [c]).
Since defendant raises no issue on appeal with respect to plaintiffs establishment of its prima facie case, we do not pass on the propriety of the Civil Court’s implicit determination with respect thereto.
The Civil Court held that defendant failed to establish that its denial of claim forms were timely mailed because the notary public’s jurat, on the affidavits of mailing executed by defendant’s claims support services supervisor and the president of the courier service utilized by defendant, did not indicate the year in which the affidavits were signed. However, this technical defect is of the type which a court should disregard since it does not prejudice a substantial right of a party, particularly, where as here, plaintiff raised no objection thereto (see CPLR 2001; Matter of Goffredo v City of New York, 33 AD3d 346 [2006]; Matter of Liberty Mut. Ins. Co. v Bohl, 262 AD2d 645 [1999]; Supreme Automotive Mfg. Corp. v Continental Cas. Co., 97 AD2d 700 [1983]). Accordingly, the affidavits submitted by defendant were sufficient to establish that its denial of claim forms, which denied plaintiffs claims on the ground of lack of *7 medical necessity, were timely mailed in accordance with defendant’s standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; Delta Diagnostic Radiology, P.C. v Chubb Group of Ins., 17 Misc 3d 16 [App Term, 2d & 11th Jud Dists 2007]).
The papers submitted by defendant in support of its cross motion, including the affirmed peer review report, established prima facie that there was no medical necessity for the supplies provided by plaintiff, which proof was unrebutted. As a result, defendant’s cross motion for summary judgment dismissing the complaint should have been granted (see Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v N.Y. Cent. Mut. Fire Ins. Co., 16 Misc 3d 131 [A], 2007 NY Slip Op 51342[U] [App Term, 2d & 11th Jud Dists 2007]).
Plaintiff’s remaining contentions either lack merit or are improperly raised for the first time on appeal.
Accordingly, the judgment is reversed, the order dated June 28, 2007 is vacated, plaintiffs motion for summary judgment is denied, and defendant’s cross motion for summary judgment dismissing the complaint is granted.
Pesos, RJ., Golia and Rios, JJ., concur.