■ INFINITY HEALTH PRODUCTS, LTD., as Assignee of JERMAINE THOMSON, Respondent, v EVEREADY INS. Co., Appellant. [890 NYS2d 545]—

In an action to recover assigned first-party no-fault benefits under an insurance contract, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated July 10, 2008, which affirmed an order of the Civil Court of the City of New York, Kings County (Chan J.), dated March 8, 2007, which granted the plaintiff's motion for summary judgment on the complaint in the principal sum of $2,028.50 and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order dated July 10, 2008 is reversed, on the facts and in the exercise of discretion, with costs, the order of the Civil Court of the City of New York, Kings County, is reversed, the plaintiff's motion for summary judgment on the complaint is denied, and the defendant's cross motion for summary judgment dismissing the complaint is granted, without prejudice to commencement of a new action.

On November 15, 2000 Jermaine Thomson was injured in an automobile accident. At the time of the accident, the defendant Eveready Ins. Co. was Thomson's no-fault insurance carrier. As a result of the accident, the plaintiff Infinity Health Products, Ltd., provided medical supplies to Thomson. On March 14, 2001 the plaintiff, as assignee of Thomson, submitted to the defendant a claim for payment for the medical supplies.

Seven days later, on March 21, 2001, the defendant sent a letter to the plaintiff acknowledging receipt of the bills and advising that it could not process the request until it received further verification of the claim. The plaintiff did not respond to this verification request. On April 17, 2001, 27 days after the first verification request was sent, the defendant sent a second verification request to the plaintiff. The plaintiff also did not respond to the second verification request.

In February 2005, the plaintiff commenced this action in the Civil Court of the City of New York, Kings County, inter alia, to recover the sum of $2,028.50, the cost of the medical supplies it provided to Thomson. The plaintiff moved for summary judgment on the complaint, arguing, among other things, that the defendant failed to pay or deny the claim within 30 days as

required by 11 NYCRR former 65.15 (g) (3) (now 11 NYCRR 65-3.8 [c]). The defendant cross-moved for summary judgment dismissing the complaint, asserting, inter alia, that the action was "not ripe[ ] pending verification requests."

The Civil Court granted the plaintiff's motion and denied the defendant's cross motion, holding that the defendant failed to precisely comply with regulations promulgated by the Superintendent of Insurance (hereinafter the Insurance regulations) because it did not wait a full 30 days (after the plaintiff failed to respond to the first verification request) before sending out a second verification request. The defendant appealed to the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts, which affirmed the order in a 2-1 decision. The Appellate Term majority concluded, among other things, that the defendant's follow-up verification demand, which was mailed 27 days after its initial demand, was "premature and without effect."

Pursuant to Insurance Law § 5106 (a) and the Insurance regulations, an insurer must either pay or deny a claim for motor vehicle no-fault benefits, in whole or in part, within 30 days after an applicant's proof of claim is received (see Insurance Law § 5106 [a]; 11 NYCRR former 65.15 [g] [3], now 11 NYCRR 65-3.8 [c]; see also 11 NYCRR 65-3.5) An insurer can extend the 30-day period within which to pay or deny a claim by making a timely demand for further verification of the claim (see 11 NYCRR former 65.15 [d] [2]).

There is no dispute here that the defendant timely requested initial verification by sending out its verification request within seven days (on Mar. 21, 2001) after receipt of the plaintiff's claim (on Mar. 14, 2001). There also is no dispute that the plaintiff did not respond to the defendant's timely initial verification request. An insurer does not have to pay or deny a claim until it has received verification of all of the relevant information requested (see 11 NYCRR former 65.15 [g] [1] [i]; [2] [iii]). The issue in this case is whether an insurer loses the toll of the 30-day rule to pay or deny the claim, which is afforded by an initial timely request for verification, simply because its follow-up verification request is sent 3 days before the expiration of a full 30 days after a plaintiff fails to respond to the initial request. The Insurance regulations stated, in pertinent part, that "if any requested verification has not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was originally requested" (11 NYCRR former 65.15 [e] [2]).

Although the defendant in this case did not strictly comply with the time limitation set forth in the rule regarding the submission of a second verification request, under the circumstances of this case, the plaintiff is estopped from claiming that the defendant is precluded from asserting any defense to the claim. It would be inequitable to award summary judgment to the plaintiff, which ignored two verification requests, merely because the defendant, slightly prematurely, sent its second verification request a mere 3 days before the expiration of a full 30 days after the first verification request had been sent (*see New York & Presbyt. Hosp. v American Tr. Ins. Co.,* 287 AD2d 699 [2001]; *see generally Chemical Bank v City of Jamestown,* 122 AD2d 530 [1986]; *Guberman v William Penn Life Ins. Co. of N.Y.,* 146 AD2d 8 [1989]). Indeed, in light of the particular factual circumstances herein, it would be incongruous to conclude that the Insurance regulation regarding follow-up verification, or any other statute or rule, warrants a result which would, in effect, penalize an insurer who diligently attempts to obtain the information necessary to make a determination of a claim, and concomitantly, rewards a plaintiff who makes no attempt to even comply with the insurer's requests. Such a result is not contemplated by the "no-fault law" or its regulations, which should be interpreted to promote the expeditious handling of verification requests and prompt claim resolution.

Furthermore, inasmuch as the plaintiff did not respond to either of the verification requests, the 30-day period within which the defendant was required to pay or deny the claim did not commence to run (*see* 11 NYCRR former 65.15 [g] [1] [i]; [2] [iii]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.,* 262 AD2d 553 [1999]). Thus, the plaintiff's action is premature (*see Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co.,* 44 AD3d 903 [2007]; *Hospital for Joint Diseases v ELRAC, Inc.,* 11 AD3d 432 [2004]).

Accordingly, the plaintiff was not entitled to summary judgment on the complaint, and the defendant's cross motion for summary judgment dismissing the complaint should have been granted (*see Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.,* 262 AD2d at 553; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), without prejudice to commencement of a new action. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.