*828 OPINION OF THE COURT
Sylvia G. Ash, J.
In an action seeking payment of first-party no-fault benefits, defendant moves to reargue the court’s decision dated October 9, 2009, wherein the court found that defendant’s denial of plaintiffs claim was untimely.
The court found that defendant’s follow-up verification request was two days late, thus reducing its denial time to 28 days (see Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]), which made its denial in this case late by one day. Defendant contends that the court erred in its finding that its follow-up verification request was sent two days late rather than one day late. Defendant argues that Presidents’ Day is a legal holiday and should not have been included in computing the timeliness of defendant’s denial.
In an action to obtain payment of first-party no-fault benefits, 11 NYCRR 65-3.8 provides that a no-fault insurance carrier has 30 days from the date of receipt of the claim to pay or deny a claim in whole or in part. However, the insurance carrier’s time to pay or deny a claim is extended by making a timely demand for verification. (See Infinity Health Prods., Ltd. v Eveready Ins. Co., 67 AD3d 862 [2d Dept 2009].) A claim does not have to be paid or denied until the insurance carrier has been provided with all timely demanded verification. (See New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2d Dept 2004]; Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d 889 [2d Dept 2007].) Pursuant to 11 NYCRR 65-3.5 (b) the insurance company must request additional verification within 15 business days of the receipt of the prescribed verification forms. However, an untimely verification request will reduce the 30 calendar days wherein a claim must be denied or paid upon receipt of the requested information. (11 NYCRR 65-3.8 [j].)
The court notes that the rule specifically states business days rather than calendar days. However, the statute does not define either term. Traditionally the law has recognized the difference between a calendar day and business day (see Miuccio v Puppy City, Inc., 22 Misc 3d 1132[A], 2009 NY Slip Op 50404[U] [2009]). A calendar day is defined as a Sunday or any day of the week specifically mentioned (see General Construction Law § 19). Therefore, even a holiday would be considered a calendar day. Generally, when an act must be done within a given number of days, and the last day falls on a holiday, the time is extended *829 to the next business day (see General Construction Law § 20). However, when an act must be done within a given number of “calendar” days weekends and legal holidays are not excluded in the calculation thereof.
The General Construction Law does not contain a definition of business days. In examining how the term is defined in different statutes, it generally means any calendar day except Sunday and any legal holiday (see Miuccio v Puppy City, Inc., supra). However, this definition comes into conflict with the way most courts define business days when it comes to no-fault cases, where Saturday, Sunday and holidays have generally been excluded.
Here, if the rule called for 15 calendar days, Presidents’ Day as an intervening holiday would not be excluded in calculating defendant’s verification request (General Construction Law § 20). However, since the rule specifically states that such request must be submitted within 15 business days, it appears that the legislature’s intent was to at least exclude legal holidays in calculating the number of days required to submit additional verification requests.
In the case at bar, plaintiff submitted its claim to the defendant on February 5, 2007. The court, in computing the time defendant was required to request additional verification, hereby defines business day to mean any calendar day excluding Saturday, Sunday and legal holidays. Therefore, the court agrees with the defendant that Presidents’ Day, being a legal holiday, should have been excluded in computing the time for the verification request, and as such, its request was one day late not two days late.
Accordingly, defendant’s motion to reargue and vacate the court’s order dated October 9, 2009, is hereby granted to the extent that the parties’ summary judgment motions are denied, and this matter is set down for trial on the sole issue of medical necessity.