St. Vincent Medical Care, P.C., Respondent, v Country Wide Insurance Company, Appellant. [914 NYS2d 293]—

In an action to recover assigned first party no-fault medical payments under an insurance contract, the defendant appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term, Second, Eleventh, and Thirteenth Judicial Districts, dated May 8, 2009, as modified a judgment of the Civil Court of the City of New York, Queens County (Lebedeff, J.), entered February 19, 2008, which, upon an order of the same court (Lebedeff, J.), dated January 23, 2008, inter alia, granting the plaintiff's motion for summary judgment and denying its cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against it in the principal sum of $2,856.45 only to the extent of reducing the award to the principal sum of $2,627.90.

Ordered that the order dated May 8, 2009, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the judgment of the Civil Court of the City of New York, Queens County, entered February 19, 2008, is reversed, the plaintiff's motion for summary judgment is denied, the defendant's cross motion for summary judgment dismissing the complaint is granted, without prejudice to the commencement of a new action, and the order dated January 23, 2008, is modified accordingly.

Contrary to the conclusion of the Appellate Term, under the circumstances of this case, the defendant insurer's submission of follow-up verification requests to the plaintiff medical provider on the 30th day after the defendant sent its initial

verification requests was not premature or "without effect" (*Infinity Health Prods., Ltd. v Eveready Ins. Co.*, 67 AD3d 862, 864 [2009]). Furthermore, since the plaintiff did not fully comply with the defendant's verification requests, the 30-day period within which the defendant was required to pay or deny the claim did not commence to run (*see* 11 NYCRR 65-3.8 [a] [1]; [b] [3]; *Infinity Health Prods., Ltd. v Eveready Ins. Co.*, 67 AD3d at 865; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553 [1999]). Thus, the action was commenced prematurely (*see Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co.*, 44 AD3d 903 [2007]; *Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432 [2004]).

Accordingly, the plaintiff's motion for summary judgment should have been denied, and the defendant's cross motion for summary judgment dismissing the complaint should have been granted (*see Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d at 553; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), without prejudice to commencement of a new action. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.