OPINION OF THE COURT
Fred J. Hirsh, J.
Background
This matter was submitted to the court for decision on the following stipulated facts.
*651 Kenroy Palmer was injured in a motor vehicle accident that occurred on August 16, 2010. On August 31, 2010 and September 2, 2010, Meridian Psychological Service, EC. provided psychological services to Palmer for injuries sustained in the motor vehicle accident.
Meridian took an assignment of benefits and submitted the claim to Government Employees Insurance Co. (Geico) for payment.
Meridian mailed its claim for services, provided to Palmer on the aforementioned dates, to Geico on September 28, 2010. The documents sent to Geico included an NF-3, Verification of Treatment by Attending Physician or Other Provider of Health Services, signed by Walter Spear, Ph.D. on behalf of Meridian and an NF-AOB, New York Motor Vehicle No-Fault Insurance Law Assignment of Benefits Form signed by Palmer and Spear.
By letter dated October 17, 2010, Geico acknowledged receipt of Meridian’s claim and advised Meridian it would process the claim upon receipt of “A completed and signed no-fault application.”
By letter dated August 24, 2011, Meridian’s attorneys mailed a copy of a completed NF-2, “Application for Motor Vehicle No-Fault Benefits” that had not been signed by Palmer to Geico.
Geico did not respond to Meridian’s submission of the unsigned NF-2 or pay or deny the claim.
Meridian then commenced this action seeking to recover the unpaid no-fault benefits for the psychological services provided to Palmer.
Discussion
A carrier must pay or deny a claim for no-fault benefits within 30 days of receipt of a claim. (11 NYCRR 65-3.8 [a].)
A carrier’s time to pay or deny a no-fault claim is tolled or extended until it receives all timely and properly requested verification. (Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co., 44 AD3d 903 [2d Dept 2007]; 11 NYCRR 65-3.5 [c]; 65-3.8 [a] [1].) An insurer does not have to pay or deny a claim until it receives all timely requested verification. (St. Barnabas Hosp. v American Tr. Ins. Co., 57 AD3d 517 [2d Dept 2008]; Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d 889 [2d Dept 2007]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2d Dept 2004]; 11 NYCRR 65-3.5 [c].)
*652 Geico could not continue to delay payment of Meridian’s claim after Geico received the completed but unsigned copy of the application for no-fault benefits from Meridian’s attorneys. (Nyack Hosp. v Encompass Ins. Co., 23 AD3d 535 [2d Dept 2005]; Nyack Hosp. v Allstate Ins. Co., 13 Misc 3d 139[A], 2006 NY Slip Op 52233[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006].) Upon receipt of the unsigned NF-2, Geico was required to either pay or deny the claim or requested additional verification. (Nyack Hosp. v Encompass Ins. Co.) Geico did neither.
Even if the court were to consider Geico’s October 17, 2010 letter a timely request for additional verification (11 NYCRR 65-3.5 [b]), Geico would not have a defense to this action because Geico did not comply with the follow-up verification requirements of the no-fault regulations. If a carrier requests additional verification and the additional verification is not received after 30 calendar days from the original request, the carrier must follow up with the party from whom additional verification was requested either by telephone or mail. (11 NYCRR 65-3.6 [b].) If the carrier fails to follow up on its request for additional verification, its time to pay or deny the claim is not extended. (Westchester Med. Ctr. v Allstate Ins. Co., 112 AD3d 916 [2d Dept 2013]; Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157 [2d Dept 2013].)
Since the parties stipulated to the timely submission of the claim, the psychological services provided by Meridian to Palmer are presumed to be necessary. (All County Open MRI & Diagn. Radiology P.C. v Travelers Ins. Co., 11 Misc 3d 131 [A], 2006 NY Slip Op 50318[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006].) Geico did not timely pay or deny the claim and/or did not properly or timely follow up on its request for additional verification. Therefore, Geico does not have a defense to this action.
The court finds for the plaintiff.