OPINION OF THE COURT
Randy Sue Makber, J.
The motion by the plaintiff, St. Barnabas Hospital, as as-signee of Dawn Henry (motion sequence No. 01), seeking an order pursuant to CPLR 3212, granting it summary judgment against the defendant, Government Employees Insurance Company (hereinafter GEICO), and the cross motion by the defendant, GEICO (motion sequence No. 02), seeking an order pursuant to CPLR 3212, granting it summary judgment and dismissing the complaint, are determined as hereinafter provided.
This is an action to recover no-fault benefits on a hospital no-fault billing. The plaintiff, St. Barnabas, is the assignee for health-related services rendered to GEICO’s insured, Dawn Henry, during the period of April 10, 2016 through April 13, 2016, for injuries sustained as a result of a motor vehicle accident that occurred on April 10, 2016. At issue is whether the defendant, GEICO, timely and properly requested additional verification from the plaintiff, St. Barnabas, upon its receipt of proof of the claim which effectively tolls the 30-day time period within which GEICO must pay or deny the claim for such services rendered in the amount of $43,212.59.
On April 21, 2016, the plaintiff, St. Barnabas, billed the defendant, GEICO, utilizing a hospital facility form (form NF-5) and a UB-04, seeking payment of a hospital bill in the sum of $43,212.59 (see exhibit 1 attached to plaintiff’s motion). The billing was sent via certified mail, return receipt requested, and was received by the defendant, GEICO, on April 25, 2016 (see exhibit 2 attached to plaintiff’s motion). On May 16, 2016, GEICO served a request for additional verification. On May 20, 2016, St. Barnabas served a response letter acknowledging receipt of GEICO’s request wherein it objected to the validity of the request. GEICO received St. Barnabas’ response on May 23, 2016. On June 20, 2016, GEICO served a second follow-up request for additional verification. St. Barnabas never responded to GEICO’s second request. The instant action was filed shortly thereafter.
The plaintiff alleges that the defendant, GEICO, failed to either pay the hospital bill or issue a timely denial. In opposi *787 tion, the defendant, GEICO, contends that the plaintiff failed to demonstrate its prima facie entitlement to summary judgment on the grounds that (i) the plaintiff failed to show the claims were not denied within 30 days or that the basis for the denial was conclusory, vague or had no merit; (ii) the plaintiffs supporting affidavit is deficient in that it cannot be demonstrated that the affiant, employed by a third-party claims administrator, has personal knowledge of the hospital’s practices or procedures and as such cannot establish that the bills are in fact business records of the hospital; and (iii) the plaintiff’s affiant failed to establish proper proof of mailing.
The defendant, GEICO, also cross-moves for summary judgment on the grounds that the plaintiff failed to provide all items requested by GEICO that were necessary to verify the claim, pursuant to 11 NYCRR 65-3.8 (a) (1), and which GEICO was entitled to receive pursuant to 11 NYCRR 65-3.5 (c). GEICO claims that the 30-day period within which the claim must be paid or denied was tolled due to its request for additional verification of the claim within 15 business days from GEICO’s receipt of proof of the claim.
Upon receipt of proof of the claim from St. Barnabas, GEICO alleges that it timely made a request for additional verification, specifically seeking a breakdown of which services constituted necessary emergency health services in order to issue appropriate payment on the claim (see aff of Kristen Savold ¶ 18 [B], annexed to defendant’s cross motion as exhibit B). In support of its cross motion, GEICO submits the State of New York Insurance Department’s Circular Letter No. 4 (2011) which partially amended section 5103 (b) (2) of the Insurance Law to prohibit a no-fault insurer from excluding from coverage necessary emergency health services rendered in a general hospital for any person who is injured as a result of operating a motor vehicle while in an intoxicated condition or while the person’s ability to operate the vehicle is impaired by the use of a drug within the meaning of Vehicle and Traffic Law § 1192. Circular Letter No. 4 further provides:
“For the purposes of compliance with Chapter 303, the Department interprets ‘necessary emergency health services’ to mean services rendered to a person by or under the supervision of a physician, paramedic, or emergency medical technician to treat the onset of sudden pain or injury and to stabilize the person, provided the person is trans *788 ported directly from the scene of the motor vehicle accident to the general hospital. Pursuant to this interpretation, once the sudden pain or injury is treated and the person is stabilized, (generally in the emergency room) the no-fault insurance coverage ceases. In order to facilitate timely payment, a hospital should specify what portion of the bill consists of ‘necessary emergency health services.’ If the hospital does not specify what portion consists of ‘necessary emergency health services,’ then a no-fault insurer may request this information.” (See letter from GEICO to St. Barnabas dated May 16, 2016; NY St Ins Dept 2011 Circular Letter No. 4, RE: No-Fault Intoxication Coverage; Chapter 303 of the Laws of 2010, annexed to defendant’s cross motion as exhibit B.)
GEICO referenced the foregoing language from Circular Letter No. 4 in its letter requesting additional verification. GEICO specified in its request that St. Barnabas provide a “breakdown of charges up to where the patient was found to be stabilized.”
In its response, St. Barnabas stated that GEICO’s “request for a ‘breakdown of charges up to where the patient was found to be stabilized’ is not required under the insurance regulations or no fault law.” (See St. Barnabas response letter dated May 20, 2016, annexed to defendant’s cross motion as exhibit B.) St. Barnabas further responded that “[t]he patient received ‘Necessary Emergency Health Services’ during h[er] admission at the hospital.” (Id.)
The defendant, GEICO, further submits that it followed up with St. Barnabas for a second request for additional verification. To date, St. Barnabas has not responded to GEICO’s follow-up request.
GEICO also submits that it had a good faith basis for requesting additional verification of the bill at issue. In support of its cross motion, GEICO proffers the toxicology report for the insured provided by St. Barnabas with its bill, which shows that the patient had a blood alcohol level of .15% and tested positive for THC, an active ingredient in the drug marijuana, at the time of her admission to the emergency room. GEICO further proffers the physician affirmation of Dr. Kenneth Marici (see Dr. Marici affirmation and toxicology report, annexed to defendant’s cross motion as exhibit E). Based on the intoxication exclusion in GEICO’s policy, GEICO contends that the insured’s injuries are excluded from coverage (see *789 policy endorsement, annexed to defendant’s cross motion as exhibit D). Thus, GEICO argues that its obligation to pay the plaintiffs claim was limited to those items deemed “necessary emergency health services” and that it timely and properly requested additional verification from St. Barnabas in this regard.
GEICO argues that its timely request for additional verification indefinitely tolled the 30-day time period within which an insurer must pay or deny a claim until its receipt of the information requested. GEICO further argues that it would be inequitable for a provider to be rewarded for its failure to adequately respond to numerous timely requests for verification, relying upon Infinity Health Prods., Ltd. v Eveready Ins. Co. (67 AD3d 862 [2d Dept 2009]). Thus, GEICO posits that St. Barnabas’ action is premature since it failed to properly respond to GEICO’s request for verification, relying upon Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co. (44 AD3d 903 [2d Dept 2007]). Based on the evidence presented, GEICO seeks a determination that the hospital bill is not yet overdue and for this court to dismiss the complaint.
In opposition and reply, the plaintiff, St. Barnabas, contends that it demonstrated its prima facie entitlement to judgment as a matter of law by submitting the requisite billing form, the affidavit of its third-party biller, and confirmation that the plaintiff’s hospital bill, form NF-5, was received by the defendant. St. Barnabas further asserts that GEICO is precluded from interposing any defenses due to its failure to either pay or deny the claim within 30 calendar days after it received proof of the claim.
With regard to GEICO’s claim that it timely and properly requested additional verification, counsel for St. Barnabas mimics the hospital’s verification response letter stating that “there is no authority in the Insurance Law, No-Fault Regulations, or in case law which shows that the defendant’s verification request was proper.” (See plaintiff’s opposition to cross motion ¶ 29.) In support of its claim that the verification request was not proper, St. Barnabas’ counsel relies upon various statutory provisions that set forth the fee schedule and inpatient hospital billing pursuant to which claims must be paid.
Notably, St. Barnabas concedes that “regarding the defendant’s request for a ‘breakdown of charges up to the point where the patient was found to be stabilized,’ Insurance Law § 5103 (b) (2) was amended and took effect on January 26, 2011.” (Id. *790 ¶ 44.) St. Barnabas agrees that the law was amended to prohibit insurers from excluding from coverage payment for “necessary emergency health care services” when a patient is intoxicated by alcohol or drugs. However, St. Barnabas finds untenable the defendant’s position that insurers are only required to pay for care until the patient is stabilized, claiming that GEICO has impermissibly interpreted the statutory language. St. Barnabas further submits that in this case, the patient was involved in a serious motor vehicle accident involving multiple injuries, and that “[t]his period of time was the patient’s treatment for ‘necessary emergency health care services.’ ” St. Barnabas contends that it “fully responded to the Defendant’s alleged verification requests.”
The court notes that St. Barnabas’ papers are silent as to Circular Letter No. 4 and the specific language permitting no-fault insurers to request additional information to ascertain which services are in fact “necessary emergency health services.”
Legal Analysis
It is well settled that the proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by providing sufficient evidence to demonstrate the absence of material issues of fact (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Bhatti v Roche, 140 AD2d 660 [2d Dept 1988]). To obtain summary judgment, the moving party must establish its claim or defense by tendering sufficient evidentiary proof, in admissible form, sufficient to warrant the court, as a matter of law, to direct judgment in the movant’s favor (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]).
A provider of medical services can establish a prima facie showing of entitlement to summary judgment by submitting proof that the requisite claim forms were mailed and received by the carrier and that payment is overdue (Insurance Law § 5106 [a]; New York & Presbyt. Hosp. v Countrywide Ins. Co., 44 AD3d 729 [2d Dept 2007]; Westchester Med. Ctr. v Liberty Mut. Ins. Co., 40 AD3d 981 [2d Dept 2007]; New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492 [2d Dept 2006]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d Dept 2004]). Pursuant to 11 NYCRR 65-3.8 (a) (1), “No-fault benefits are overdue if not paid within 30 calendar days after *791 the insurer receives proof of claim, which shall include verification of all . . . the relevant information requested pursuant to section 65-3.5 of this Subpart” (see also Insurance Law § 5106; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]). An insurer can extend this 30-day time frame by making a timely request for additional verification of the claim “within 15 business days” after receipt thereof (Infinity Health Prods., Ltd. v Eveready Ins. Co., 67 AD3d 862 [2d Dept 2009]; 11 NYCRR 65-3.5 [b]).
If a sufficient prima facie showing is demonstrated, the burden then shifts to the non-moving party to come forward with competent evidence to demonstrate the existence of a material issue of fact, the existence of which necessarily precludes the granting of summary judgment and necessitates a trial (Zuckerman v City of New York, 49 NY2d 557 [1980], supra).
The plaintiff has failed to establish a prima facie showing that it is entitled to judgment as a matter of law on its claim to recover no-fault medical payments. The plaintiff’s claim is premature as the evidence presented demonstrates that the 30-day time period within which an insurer must pay or deny a claim has not been triggered. In turn, the plaintiff failed to sufficiently respond to the defendant’s requests for additional verification.
The plaintiff’s position that the verification request was improper because it is not required under the insurance regulations or no-fault law is without merit. The defendant, GEICO, referenced Circular Letter No. 4 dated January 12, 2011, issued by the State of New York Insurance Department, in its original request for additional verification. The purpose of the Circular Letter is to advise no-fault insurers and health insurers of the amendment of Insurance Law § 5103 (b) (2) and to interpret the regulations related thereto. While the plaintiff concedes that the law was amended in January 2011 to reflect that insurers are prohibited from excluding from coverage necessary emergency health services even where the patient was intoxicated by alcohol or drugs, the plaintiff fails to address the portion of the Circular Letter at issue here. Specifically, the plaintiff submits no argument or opposition with regard to the portion of the Circular Letter that permits a no-fault insurer to request a hospital to specify what portion of the bill consists of “necessary emergency health services.” Rather, the plaintiff claims that the statutory language does not explicitly provide as such. The court disagrees. 11 NYCRR 65-3.5 (c) provides *792 that “[t]he insurer is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested.”
The court also disagrees with the plaintiff’s contention that it fully responded to the defendant’s verification requests by merely stating, “[t]he patient received ‘Necessary Emergency Health Services’ during h[er] admission at the hospital.” The plaintiff’s response is vague in that it fails to delineate whether some, most or all of the services were in fact “necessary emergency health services.” Further, in its Circular Letter, the Insurance Department contemplated the need for hospitals to specify what portion of the bill consists of such emergency services. The Insurance Department also defined “necessary emergency health services” as sudden pain or injury that is treated until the patient is stabilized, generally in the emergency room.
In the matter sub judice, the patient was admitted to St. Barnabas for approximately three days from April 10, 2016 through April 13, 2016. The defendant, GEICO, submitted sufficient proof in admissible form showing that the patient was intoxicated by alcohol and marijuana at the time of the accident. As such, GEICO was entitled to request information concerning the breakdown of services until the patient was found to be stabilized in accordance with Insurance Law § 5103 (b) (2), as amended, and the related Circular Letter No. 4 interpreting the statute. Such information would permit GEICO to assess when the no-fault insurance coverage ceases, if at all, and the appropriate amount of the claim that must be paid.
Pursuant to 11 NYCRR 65-3.6 (b), where there is a timely original request for verification, but no response to the request for verification is received within 30 calendar days thereafter, or the response to the original request for verification is incomplete, then the insurer, within 10 calendar days after the expiration of that 30-day period, must follow up with a second request for verification. When a no-fault medical service provider fails to respond or inadequately responds to two timely verification requests, the 30 days in which to pay or deny the claim is tolled and does not begin to run. Accordingly, any claim for payment by the medical service provider after two timely requests for verification is premature (see Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157 [2d Dept 2013]).
Thus, as the defendant correctly maintains, the plaintiff’s initial claim for payment was premature and was not complete *793 until the defendant received additional verification of the claim as requested (see 11 NYCRR 65-3.8 [a] [1]; [b] [3]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 19 AD3d 569 [2d Dept 2005]).
Where, as here, the insurer presents sufficient evidence that it timely requested additional verification and the hospital fails to provide the information requested, the complaint must be dismissed as premature (St. Vincent’s Hosp. of Richmond v American Tr. Ins. Co., 299 AD2d 338 [2d Dept 2002]).
Accordingly, it is hereby ordered that the plaintiff’s motion (motion sequence No. 01) seeking summary judgment, pursuant to CPLR 3212, is denied; and it is further ordered that the defendant’s cross motion seeking summary judgment, pursuant to CPLR 3212, is granted, and the complaint is dismissed.