*927 OPINION OF THE COURT
Richard J. Montelione, J.
In this action by a provider to recover assigned first party no-fault benefits, plaintiff moves for summary judgment arguing that it established its prima facie entitlement to recovery of its unpaid no-fault bills and defendant cross-moves for summary judgment based upon plaintiff’s purported failure to appear for four examinations under oath (EUO).
Plaintiff argues, inter alia, the denials issued in this matter were untimely as defendant’s EUO scheduling letters were untimely. Specifically, defendant’s letter dated May 19, 2015 which rescheduled plaintiff’s missed EUO on May 8, 2015 is late as the regulations require that the follow-up requests be issued within 10 calendar days of the missed EUO date. Lastly, plaintiff contends that the affidavits proffered by defendant are conclusory and insufficient to establish that the EUO scheduling letters and subsequent denials were timely and properly mailed and that defendant’s affiant fails to demonstrate personal knowledge of plaintiff’s nonappearances.
In reply, defendant contends that the mailing of the EUO notice 11 days after the third missed EUO does not negate plaintiff’s obligation to appear based upon 11 NYCRR 65-3.5 (p). Further, defendant contends that its affiant sufficiently established its standard office procedures as to the issuance of the letters and denials at issue and that plaintiff’s nonappearances for the four EUOs were, likewise, adequately demonstrated.
An insurer may toll the 30-day period to pay or deny a claim by properly requesting verification within 15 business days from its receipt of the proof of claim form or bill. (11 NYCRR 65-3.5 [b]; Psych. & Massage Therapy Assoc., PLLC v Progressive Cas. Ins. Co., 5 Misc 3d 723 [Civ Ct, Queens County 2004].) If the
“requested verification! ] has not been supplied to the insurer 30 calendar days after the original [receipt], the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested, either by [a] telephone call. . . or by mail. At the same time the insurer shall inform the applicant and such person’s attorney of the reason(s) why the claim is delayed by identifying in writing the missing verification and the party from whom it was requested.” (11 NYCRR 65-3.6 *928 [b].)
“For the purposes of counting the 30 calendar days after proof of claim, wherein the claim becomes overdue pursuant to section 5106 of the Insurance Law, with the exception of section 65-3.6 of this Subpart, any deviation from the rules set out in this section shall reduce the 30 calendar days allowed.” (11 NYCRR 65-3.8 [1].)
Plaintiff also relies upon Presbyterian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co. (233 AD2d 431 [2d Dept 1996]), where the Court found that the follow-up requirements for verification requests are to be “strictly construed.” In Presbyterian, the insurer, after not receiving a response to its initial request for additional verification, did not issue a follow-up request and after receiving the requested records three months later, issued a denial shortly thereafter. As such, the 30-day period within which the carrier should have either paid or denied the claim had run “ ‘even before verification [was] obtained’, due to the carrier’s ‘lack of diligence in obtaining the verification’ ” (Presbyterian, 233 AD2d at 433, citing Keith v Liberty Mut. Fire Ins. Co., 118 AD2d 151, 154 [2d Dept 1986]). In Concourse Chiropractic, PLLC v Fiduciary Ins. Co. of Am. (35 Misc 3d 146 [A], 2012 NY Slip Op 51058 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), the court found that the insurer’s follow-up request was untimely when its follow-up request was issued more than a month after the nonappearance at the first scheduled EUO. However, the foregoing cases and their progeny were decided on a set of facts and circumstances prior to the promulgation and application of the fourth amendment of 11 NYCRR subpart 65-3. The fourth amendment of 11 NYCRR subpart 65-3, subdivision 65-3.5 (p) (fourth amendment), was enacted on January 30, 2013 and reads as follows:
“(p) With respect to a verification request and notice, an insurer’s nonsubstantive technical or immaterial defect or omission, as well as an insurer’s failure to comply with a prescribed time frame, shall not negate an applicant’s obligation to comply with the request or notice. This subdivision shall apply to medical services rendered, and to lost earnings and other reasonable and necessary expenses incurred, on or after April 1, 2013.”
There appears to be no higher court analysis of the phrase: “as well as an insurer’s failure to comply with a prescribed time frame, shall not negate an applicant’s obligation to comply *929 with the request or notice.” Nonetheless, and comparably, in Pine Hollow Med., P.C. v Global Liberty Ins. Co. of N.Y. (25 Misc 3d 244 [Civ Ct, Kings County 2009]), the court reasoned that “defendant should not be deprived entirely of the opportunity to review and obtain the needed proof by dint of its one-day tardiness in submitting its follow-up request” and that “[i]t would be patently absurd and contravene the meaning of 11 NYCRR 65-3.8 (j) to impose a more draconian punishment on an insurer who is one day late in requesting follow-up verification than on an insurer who is one day late in requesting additional verification” (id. at 250). It would appear that the fourth amendment addresses such deficiency and is in accord with the foregoing opinion. Thus, it is within this framework upon which the court evaluates the matter at hand.
As an initial matter, upon a review of defendant’s proffered affidavit, the court notes that the affidavit of Cerean Edwards lacks the name of the person whom it was sworn printed beneath the signature as required by CPLR 2101 (a). However, CPLR 2101 (f) states:
“(f) Defects in form; waiver. A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given. The party on whom a paper is served shall be deemed to have waived objection to any defect in form unless, within fifteen days after the receipt thereof, the party on whom the paper is served returns the paper to the party serving it with a statement of particular objections.”
To the extent that plaintiff’s counsel did not proffer any objection to the affidavit in its opposition papers and the same does not prejudice a substantial right of plaintiff, the court finds such defect to have been waived (see generally Devonshire Surgical Facility, LLC v Allstate Ins. Co., 38 Misc 3d 127[A], 2012 NY Slip Op 52351[U] [App Term, 1st Dept 2012]; Complete Orthopedic Supplies, Inc. v State Farm Mut. Auto. Ins. Co., 23 Misc 3d 5 [App Term, 2d Dept, 2d & 11th Jud Dists 2009]).
As to the facts of this case, defendant contends that upon receipt of the bills at issue, defendant issued an initial demand for EUO scheduled for March 23, 2015.[1] When plaintiff failed to appear, defendant issued a request dated March 26, 2015 for *930 EUO on April 14, 2015. Defendant contends that plaintiff failed to appear and thus issued another request dated April 20, 2015 for EUO on May 8, 2015. When plaintiff failed to appear, defendant issued a request dated May 19, 2015 for EUO on June 16, 2015. As plaintiff failed to appear for the fourth time, defendant issued a denial dated June 24, 2015.[2]
In the instant matter, the court finds that defendant submitted sufficient proof in admissible form to demonstrate that the EUO scheduling letters were properly and timely mailed. Upon review of the affidavit of Cerean Edwards, defendant’s claims associate, the court finds that defendant, through its standard office policies and procedures, has established the timely and proper mailing of its letters scheduling plaintiff’s EUO and the denials at issue (see St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2d Dept 2008]; Flushing Traditional Acupuncture, P.C. v GEICO Ins. Co., 36 Misc 3d 156[A], 2012 NY Slip Op 51767[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Hollis Med. Servs., P.C. v GEICO Ins. Co., 36 Misc 3d 156[A], 2012 NY Slip Op 51768[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Defendant also proffered the affirmation of Ryan Goldberg, Esq., who affirmed that he was present in the office to conduct the examination under oath of plaintiff on March 23, 2015, April 14, 2015, May 8, 2015 and June 16, 2015 and that plaintiff failed to appear for the same. The court finds that the affirmation sufficiently demonstrated plaintiff’s nonappearances (see Olmeur Med., P.C. v Nationwide Gen. Ins. Co., 41 Misc 3d 143[A], 2013 NY Slip Op 52031[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Thus, in this instance, the court finds that the insurer’s one-day tardiness in issuing its follow-up request for the EUO scheduled for June 16, 2015 to be a technical defect excusable under 11 NYCRR 65-3.5 (p). Further, under 11 NYCRR 65-3.5 (p), plaintiff’s obligation to appear for an EUO was not negated *931 based upon the one-day tardiness in light of the fact that there were three prior EUOs previously scheduled in a timely manner, where plaintiff failed to appear for all four scheduled EUOs and where plaintiff “failed to allege, much less prove, that it had responded in any way to the EUO requests at issue” (Professional Health Imaging, P.C. v. State Farm Mut. Auto. Ins. Co., 52 Misc 3d 134[A], 2016 NY Slip Op 51026[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Similarly, in Infinity Health Prods., Ltd. v Eveready Ins. Co. (67 AD3d 862 [2d Dept 2009]), the Appellate Division, in reversing the Appellate Term’s determination in favor of plaintiff where defendant’s follow-up request for additional verification was sent three days prior to the expiration of a full 30 calendar days as dictated by 11 NYCRR former 65-15 (e) (2) (now 11 NYCRR 65-3.6 [b]), stated the following:
“Indeed, in light of the particular factual circumstances herein, it would be incongruous to conclude that the Insurance regulation regarding follow-up verification, or any other statute or rule, warrants a result which would, in effect, penalize an insurer who diligently attempts to obtain the information necessary to make a determination of a claim, and concomitantly, rewards a plaintiff who makes no attempt to even comply with the insurer’s requests.” (Infinity Health Prods., Ltd. v Eveready Ins. Co., 67 AD3d 862, 865 [2d Dept 2009]; see also Triangle R Inc. v Praetorian Ins. Co., 30 Misc 3d 129[A], 2010 NY Slip Op 52294[U] [App Term, 1st Dept 2010].)
To the extent that this court finds 11 NYCRR 65-3.5 (p) applicable to the unique set of facts and circumstances before it, the court notes that this provision may invariably create additional litigation rather than serving the purpose of the no-fault legislation, which is to encourage expeditious resolution of claims (see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429, 430 [2004], quoting Dermatossian v New York City Tr. Auth., 67 NY2d 219, 225 [1986]). Thus, even in finding in favor of defendant in this matter, the court notes that such ruling is limited to the facts and circumstances of the instant case.
Therefore, based upon the foregoing, plaintiff’s motion for summary judgment is denied. Defendant’s cross motion for summary judgment is granted and plaintiff’s complaint is dismissed.

. The court notes that as to the two bills at issue, both demands were made one to two business days beyond the requisite 15 business days and as *930 such, the number of days beyond 15 business days would only reduce the calendar days allowed for the issuance of a denial pursuant to 11 NYCRR 65-3.8 (1).

. The court notes that the affidavit of defendant’s affiant, Cerean Edwards, contained what appears to be a scrivener’s error in part II, paragraph 10, where Ms. Edwards states that plaintiff did not appear for the EUO on April 14, 2015. When read in whole, the date denoted by Ms. Edwards does not appear to be correct. However, the same is without any consequence as only an attorney affirmation adequately demonstrates plaintiff’s nonappearances for the scheduled EUOs.