Nationwide Affinity Ins. Co. of Am. v Gepp (2025 NY Slip Op 00564)

Nationwide Affinity Ins. Co. of Am. v Gepp

2025 NY Slip Op 00564

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

847 CA 24-00451

[*1]NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, ET AL., PLAINTIFFS-APPELLANTS,
v
KARIN GEPP, PH.D., AND GEPP PSYCHOLOGICAL SERVICES, PLLC, DEFENDANTS-RESPONDENTS. 

HOLLANDER LEGAL GROUP, P.C., MELVILLE (BRIAN E. KAUFMAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
THE RYBAK FIRM, PLLC, BROOKLYN (MAKSIM LEYVI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Danielle M. Fogel, J.), entered January 2, 2024. The order denied the motion of plaintiffs for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and judgment is granted in favor of plaintiffs as follows:
It is ADJUDGED and DECLARED that plaintiffs are under no obligation to pay or reimburse any of the subject claims.
Memorandum: In this declaratory judgment action, plaintiffs, no-fault insurance carriers, appeal from an order that denied their motion for summary judgment on the complaint. We reverse.
Defendants, acting as assignees of individuals who were allegedly provided medical care and treatment, submitted multiple claims both under the name of defendant Karin Gepp, Ph.D., individually, and under her professional corporation, defendant Gepp Psychological Services, PLLC. Plaintiffs timely requested examinations under oath (EUOs) as to each set of claims. At two successive EUOs, defendants produced their office administrator, who had limited knowledge of, among other things, defendants' business, the business' billing practices, the qualifications of its providers to render services, and which providers were actually rendering care to which patients. Plaintiffs thus requested that defendants provide additional items of verification, and defendants agreed to do so. Plaintiffs timely served additional verification requests following each EUO; in each case, defendants served an identical letter response on the eve of the expiration of the 120-day period within which to provide verification (see generally 11 NYCRR 65-3.5 [o]; 65-3.8 [b] [3]), asserting blanket objections to plaintiffs' requests and confirming that only one of the identified providers was licensed.
Plaintiffs thus commenced this declaratory judgment action alleging, inter alia, that defendants were not entitled to receive no-fault reimbursement for the claims in question because defendants failed to comply with 11 NYCRR 65-3.8 (b) with respect to their obligations to respond to written requests for information under their control within 120 days or submit written proof providing reasonable justification for failing to comply within the 120-day period.
Contrary to Supreme Court's conclusion, we agree with plaintiffs that they established their prima facie entitlement to judgment as a matter of law (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), and that defendants failed to raise a triable issue of fact to defeat the motion (see generally Zuckerman, 49 NY2d at 562).
Under the No-Fault Law and regulations, an insurer is required either to pay or deny a claim for benefits within 30 days of the receipt of the claim (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]). However, such time may be tolled when additional verification is timely sought (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 17-18 [2d Dept 2009]; see also 11 NYCRR 65-3.5 [b]). The purpose of the toll is to permit the carrier time to obtain information regarding the claim and determine whether it should be paid or denied (see Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co., 44 AD3d 903, 903-904 [2d Dept 2007]). The request for verification of the claim must be sent within 10 business days after receipt of the claim notice (see 11 NYCRR 65-3.5 [a]), and any additional verification required shall be requested within 15 business days (see 11 NYCRR 65-3.5 [b]).
"The insurer is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested" (11 NYCRR 65-3.5 [c]). To that end, when verification is requested, the applicant "shall, within 120 calendar days from the date of the initial request for verification, submit all such verification under the applicant's control or possession or written proof providing reasonable justification for the failure to comply" (11 NYCRR 65-3.5 [o]). If the insurer requests an EUO (see 11 NYCRR 65-3.5 [e]), the verification is deemed to have been received by the insurer on the day the examination was performed (see 11 NYCRR 65-3.8 [a] [1]). While an insurer may not designate a specific corporate representative to sit for an EUO (see Ops Gen Counsel NY Ins Dept No. 09-06-10 [June 2009]), "[i]f the insurer is unable to garner the information that it needs from the [EUO] of a person submitted by the assignee corporation or partnership, the insurer may request additional examinations of the assignee until a person is submitted for examination by the assignee who can provide the 'items necessary to verify the claim' " (id.).
Under the specific facts of this case, we conclude that plaintiffs established that their post-EUO requests were proper. Though post-EUO verification requests are not a specifically enumerated disclosure device in the no-fault regulations, plaintiffs were "entitled to receive all items necessary to verify the claim[s] directly from the parties from whom such verification was requested" (11 NYCRR 65-3.5 [c]), and they were entitled to continue to request additional EUOs until defendants produced a representative who could "provide the 'items necessary to verify the claim' " (Ops Gen Counsel NY Ins Dept No. 09-06-10 [June 2009]). Rather than continuing to request EUOs in the hope that defendants produced a knowledgeable representative, counsel for the parties agreed that those issues would be best resolved by written demands and answers. Thus, the parties "chart[ed] their own litigation course" (Matter of Workman v Dumouchel, 175 AD3d 895, 895 [4th Dept 2019]), and defendants, having agreed to provide the additional disclosure—thereby inducing plaintiffs to forgo the additional EUOs to which they were entitled—cannot now claim that post-EUO discovery is impermissible as a matter of course.
We further agree with plaintiffs that they established that defendants failed to comply with their obligation to, "within 120 calendar days from the date of the initial request for verification, submit all such verification under the applicant's control or possession or written proof providing reasonable justification for the failure to comply" (11 NYCRR 65-3.5 [o]; see 11 NYCRR 65-3.8 [b] [3]). Moreover, even assuming, arguendo, that defendants' objections could constitute a reasonable justification for failing to provide the requested verification (cf. Remedy Chiropractic, P.C. v Nationwide Ins., 76 Misc 3d 135[A], 2022 NY Slip Op 50935[U], *1-2 [App Term, 2d Dept, 11th & 13th Jud Dists 2022]), and further assuming, arguendo, that defendants appropriately objected to certain demands as impermissible based on State Farm Mut. Auto Ins. Co. v Mallela (4 NY3d 313, 322 [2005]), we conclude that defendants nonetheless failed to raise a triable issue of fact as to whether they had a reasonable justification for the failure to comply with the other, proper demands.
Plaintiffs sought to verify basic information, including, among other things, the licenses of the providers rendering care on defendants' behalf, information identifying which provider actually rendered the care underlying the claims in question, and "super bills" and underlying raw data to determine whether the visits were properly billed and coded. Defendants agreed to provide many, if not all, of that information during two EUOs; however, they failed to explain why they did not provide such documentation within the requisite time period following plaintiffs' demand. Having failed to do so, defendants failed to raise any triable issue of fact in opposition to plaintiffs' motion.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court